GOOD HEALTH DAIRY PRODUCTS CORPORATION OF ROCHESTER, Respondent, *v.* MARY C. EMERY Appellant, Impleaded with Another.

EDWARD VANDEVILLE, Respondent, *v.* MARY C. EMERY, Appellant, Impleaded with Another.

Argued May 17, 1937; decided July 13, 1937.

*Arthur V. D. Chamberlain* for appellant. The orders of the Appellate Division were not properly granted as a matter of law and are contrary to law. (*Gochee* v. *Wagner*, 257 N. Y. 344; *Potts* v. *Pardee*, 220 N. Y. 431; *Engel* v. *Eureka Club*, 137 N. Y. 100; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Steinbach* v. *Relief Fire Ins. Co.*, 77 N. Y. 498; *Byrne* v. *Hasher*, 249 App. Div. 651; *Central New York Coach Lines, Inc.*, v. *Syracuse Herald Co.*, 249 App. Div. 692; *Bigelow* v. *Old*

*Dominion Copper Co.*, 225 U. S. 111; *Wolf* v. *Kenyon*, 242 App. Div. 116.)

*Eric P. Smith* for respondents. The judgment in favor of appellant's son is not *res judicata* as to appellant and the order denying her motion to plead it as such should be affirmed. (*Neenan* v. *Woodside Astoria Transp. Co.*, 261 N. Y. 159; *Trotter* v. *Klein*, 140 Misc. Rep. 78; *Self* v. *International Ry. Co.*, 224 App. Div. 238; *Pullam* v. *Greater Eagle Wet Wash Laundry Co.*, 137 Misc. Rep. 103; *Syczyk* v. *Szczerbaniewicz*, 233 App. Div. 342; *Haverhill* v. *International Ry. Co.*, 217 App. Div. 521.)

FINCH, J. An automobile, owned by the defendant-appellant, Mary C. Emery, and operated by her son, William E. Emery, collided with a motor truck owned by the plaintiff Good Health Dairy Products Corporation of Rochester, N. Y., and operated by the plaintiff Edward Vandeville. Both vehicles were damaged and both drivers were injured as a result of the accident. William E. Emery instituted suit in the City Court of Rochester against Vandeville and the Good Health Dairy Products Corporation. Judgments were returned in his favor against both, which judgments have been affirmed by the County Court and the Appellate Division. After the actions had been commenced by William E. Emery, but before they were tried, the plaintiffs in this action (who were the defendants in the action brought by William E. Emery) instituted this suit in the Supreme Court against William E. Emery and Mary C. Emery to recover for personal injuries and property damage to the motor truck. Mary C. Emery entered counterclaims for the property damage to her automobile. After the City Court judgments in favor of William E. Emery had been affirmed, William E. Emery and Mary C. Emery made motions to amend their answers in the Supreme Court action, to plead as an additional defense the judgments in the City Court actions as *res judicata*. The order was

granted as to William E. Emery but denied as to the appellant Mary C. Emery. She appealed to the Appellate Division, which affirmed on the law and not in the exercise of discretion, and certified the following question to this court: "On the record was the order of the Appellate Division properly granted as matter of law?"

Liability on the part of Mary C. Emery, as owner of the automobile, is derivative and is akin to that imposed on a master for the negligent acts of his servant under the doctrine of *respondeat superior*. (Vehicle and Traffic Law [Cons. Laws, ch. 71], § 59.) Section 59 creates a liability, but, although not enlarging the rights of an owner, does not attempt to impose liability unless the operation of the automobile has been negligent. Such liability on the part of the owner or master can arise only if the operator of the automobile is negligent. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228.) It having been adjudicated in the City Court action that the operator of the automobile owned by Mary C. Emery was not negligent as to the plaintiff Good Health Dairy Products Corporation or the plaintiff Vandeville, that question is foreclosed and the plea of *res judicata* is available to Mary C. Emery in suits brought against her.

The doctrine of *res judicata*, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all other actions on the points in issue and adjudicated in the first suit. Despite the frequent statement that the plea is available only to parties to the prior action or their privies, and that the estoppel of the judgment must be mutual, there are a number of cases holding that to this rule there are so-called° exceptions. "An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one

exonerated in a prior suit, upon the same facts, when sued by the same plaintiff. See *Portland Gold Mining Co.* v. *Stratton's Independence,* 158 Fed. Rep. 63, where the cases are collected. * * * The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." (*Bigelow* v. *Old Dominion Copper Co.,* 225 U. S. 111, 127, 128.)

Thus it has been held that, where the liability of a principal or master is derivative, a judgment on the merits in favor of the servant or agent from whom the liability is derived, may be set up as a defense by the principal or master, although he was not a party to the earlier action. (*Featherston* v. *President of Newburgh & Cochecton Turnpike Co.,* 71 Hun, 109; *Portland Gold Mining Co.* v. *Stratton's Independence, Ltd.,* 158 Fed. Rep. 63. See 1 Freeman on The Law of Judgments [5th ed.], § 469. Cf. *Castle* v. *Noyes,* 14 N. Y. 329.)

Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party *against* whom the plea is raised was a party to the prior action and " had full opportunity to litigate the issue of its responsibility." (See *Liberty Mutual Ins. Co.* v. *Colon,* 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.

Where the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available.

In the case at bar, however, the plaintiffs have had a full opportunity to litigate the issue of liability. In the actions in which the judgments in favor of William E. Emery were recovered it was essential for him to establish the negligence of the defendants therein. And those defendants, now the plaintiffs in the case at bar, although they had a full opportunity to show their freedom from negligence, were found liable and are bound by the verdict against them. It is true that Mary C. Emery, not being a party to the earlier actions, and not having had a chance to litigate her rights and liabilities, is not bound by the judgments entered therein, but, on the other hand, that is not a valid ground for allowing the plaintiffs to litigate anew the precise questions which were decided against them in a case in which they were parties.

The case of *Neenan* v. *Woodside Astoria Transp. Co.* (261 N. Y. 159), relied upon by the plaintiffs, is not in point, since the action in which the attempt to plead *res judicata* was made was an action by a passenger in the bus against the operator of the automobile which collided with it, whereas the prior suit had been between the bus company and the operator of the automobile. Not only was there no privity between the bus company and its passenger, but the liability of neither was derived from the other, and the first trial afforded no opportunity to litigate the relative rights and liabilities as between the passenger and the owner of the automobile.

In each case the order appealed from should be reversed and the motion granted, with costs in all courts, and the question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Orders reversed, etc.