JOSEPH WEISS, Plaintiff, *v.* VIOLA FOX and WILLIAM FOX, Defendants.*

STANDARD INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* CARLTON TRANSPORTATION CORP., Defendant.*

Supreme Court, Special Term, New York County, January 4, 1938.

*Feltenstein & Rosenstein*, for the plaintiff Joseph Weiss.

*Epstein & Goodman* [*Harry Goodman* of counsel], for the plaintiff Standard Insurance Company of New York.

*James J. Mahoney* [*Joseph Kane* of counsel], for the defendants Viola Fox and William Fox.

---

* Revd., 254 App. Div. 662.

McLAUGHLIN (CHARLES B.), J.   This is a motion to remove an action from the Municipal Court to this court and to consolidate it with an action now pending in this court.   Joseph Weiss, plaintiff in the Supreme Court action, sues defendants Fox for personal injuries sustained by him while operating a taxicab which was allegedly struck by the car owned by the Foxes.   In the Municipal Court action the plaintiff is an insurance company suing by reason of subrogation to the rights of the Foxes, after payment to them of property damages under a collision policy.   The defendant in the Municipal Court action is the owner of the taxicab involved in the accident and the employer of Weiss, plaintiff in the Supreme Court action.   It can be readily seen that the plaintiff in the Supreme Court action has no interest in the Municipal Court action, and makes no claim against the defendant in that action.   If the motion to consolidate were granted the only result would be that the plaintiff Weiss would have before the jury the fact that the defendants Fox were insured.   No other purpose would be served by a consolidation.   In the exercise of its discretion the court must deny the motion.

The claim of the moving party that a decision against Carlton Transportation Corp. in the Municipal Court action might constitute an adjudication binding upon the moving party as plaintiff in the action commenced in this court is without merit.   Although the moving party may be able to avail itself of a judgment *in favor of* Carlton Transportation Corp. (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14), in view of the fact that the relationship between the moving party and Carlton Transportation Corp. was one of employee and employer, the converse is not true.   The moving party, as plaintiff in the Supreme Court action, is not bound by a judgment *adverse* to his employer rendered in the Municipal Court action to which he is not a party and in the litigation in which he does not participate.   In the case cited a judgment in favor of William Emery, the operator of the car, against the driver of a truck which collided with it, was held to be available to Mary Emery, the owner of the car.   That a judgment against William Emery would not have been binding upon Mary Emery, and that, therefore, there is no mutuality of estoppel is expressly recognized in the opinion of the court, written by Judge FINCH, in which he points out that the case is an exception to the ordinary rule requiring mutuality of estoppel.   The driver of the truck had full opportunity to litigate the issue of negligence in the suit brought by William Emery, a point emphasized by the Court of Appeals (p. 18): " Where a full opportunity has been afforded to a party to the prior

action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues."

In the instant case, without having had an opportunity to litigate the issues of negligence and contributory negligence, Joseph Weiss, the plaintiff in the Supreme Court action, who makes the present motion, could not be bound by any judgment rendered in the Municipal Court action. The case of *Levy* v. *Falter* (247 App. Div. 881) is clearly distinguishable. In that case, as examination of the record on appeal reveals, one Rose Levy brought an action for personal injuries in the Supreme Court against Charles Falter. As a defense Falter pleaded a judgment obtained by his employer, John Winkler's Sons, Inc., against Rose Levy in a Municipal Court action for property damage arising out of the same accident. This defense was upheld, and properly so, in view of the fact that Charles Falter at the time of the accident was in the employ of John Winkler's Sons, Inc., and, therefore, could avail himself of the benefit of a judgment obtained by his employer against Rose Levy. The latter was not entitled to litigate the same issues against both the employer and the employee. The case does not hold that Falter would have been bound by a judgment in favor of Rose Levy and against his employer, and, therefore, has no application here.

The motion to consolidate actions is denied.