FINLAY ELDER, Respondent, *v.* NEW YORK AND PENNSYL-
VANIA MOTOR EXPRESS, INC., Appellant.

Argued November 26, 1940; decided December 31, 1940.

*Walter K. Pick, Martin Greene* and *Myron J. Greene* for
appellant.

*Thomas J. Milan* for respondent.

FINCH, J. The question presented by this appeal is whether or not the principle of *res judicata* applies.

The facts in so far as necessary to present the issue here involved are briefly as follows: The actions lie in negligence. They grow out of an accident in which a truck owned by the New York and Pennsylvania Motor Express, Inc. (Penn.) collided with one owned by the United States Trucking Corporation (United). Damages to person and property resulted. Penn. sued United for property damage to its truck. United brought an independent action for property damage to its truck against Penn. These two actions were consolidated and, after a trial of all the issues, a jury awarded a verdict to United. On the basis of this recovery by United for its property damage, the driver of United's truck, one Elder, now brings this action against Penn., which was both a plaintiff and a defendant in the previous action, for his personal injuries. At the trial of the present action, Elder moved for the direction of a verdict in his favor upon the ground that the judgment obtained by his employer, United, was conclusive against Penn. The trial court denied the motion and a trial was had on

the evidence before a jury which returned a verdict in favor of the defendant. Upon appeal by the plaintiff to the Appellate Division, the parties stipulated that the sole question to be reviewed would be the application of the doctrine of *res judicata* as it related to the case at bar. The Appellate Division, one justice dissenting, ruled that the judgment in the prior consolidated action was *res judicata* as to the defendant's liability to the present plaintiff; the judgment at the Trial Term was reversed and a new trial was ordered. We now review the order of the Appellate Division upon a stipulation by the defendant for judgment absolute.

The sole question involved in this appeal is whether or not Elder can plead the judgment obtained by United against Penn. in the previous action as *res judicata*.

No plea in bar could estop the plaintiff from enforcing his rights since he was not a party to the prior action, unless he came within an exception to the rule of mutuality, which rule is embodied in the principle of *res judicata*. When issues on the same subject-matter have once been settled by litigation between the same parties or their privies, before a court of competent jurisdiction, and the estoppel of the judgment is mutual, that is to say that the other party would be bound if the original decision had been to the contrary, then in the interest of reasonable finality of litigation that decision should be conclusive. A well-recognized " apparent exception to this rule of mutuality " exists where liability for the fault of an agent or servant or indemnitee is asserted against a principal, master or indemnitor. In such case where there has been a prior judgment in favor of the agent, servant or indemnitee rendered in an action brought against him by the same plaintiff, such judgment destroys the basis of liability asserted against the principal, master or indemnitor and constitutes a complete defense to the action thereafter brought against him. (*Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111, 127.) We followed that principle in *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14).

In the *Good Health* case the liability of the owner was dependent upon a recovery from the person from whom the liability was derived. The plea of *res judicata* there was considered solely as a defense since no attempt was made to plead it in support of the counterclaim, or to use it to establish liability affirmatively. In the consideration of the plea of *res judicata* in bar of the action, the relationship between principal and surety, while only partly analogous, illustrates the liabilities involved. If, despite the fact that the driver in the *Good Health* case had been found by the jury free from negligence, we had allowed a recovery against the owner, then the latter could have recovered over against the driver, surely an extraordinary result.

If, as urged by respondent, we eliminate in the rule followed in the *Good Health* case, the necessity of the liability being dependent upon the negligence of the servant and permit a reliance upon a judgment as *res judicata*, where identical issues of liability upon a given set of facts are put at issue in two successive suits, and where a full and complete trial of those issues has been had, and there are no circumstances of record in the second suit which might reasonably justify a court in reaching a result contrary to the prior decision, then it would seem that we would eliminate entirely the requirements of mutuality of estoppel and of privity. In so doing it is submitted that this would overturn fundamental conceptions and overrule authorities. (*Haverhill* v. *International Ry. Co.*, 217 App. Div. 521; affd., 244 N. Y. 582; *Atlantic Dock Co.* v. *Mayor*, 53 N. Y. 64, 68; *Booth* v. *Powers*, 56 N. Y. 22; *Nelson* v. *Brown*, 144 N. Y. 384, 390.) In the *Haverhill* case the court refused to allow plaintiff employer to introduce the prior judgment in favor of his employee, since there was no mutuality of estoppel. Heretofore also the rule of mutuality has been held operative in actions *ex delicto* and permits successive suits by different passengers based on the negligence of the defendant carrier arising out of the same accident where the identical issues arise in each trial. In the case at bar plaintiff was one of the two principal actors in the collision and his right to

recover has not been adjudicated in the previous action. The proposed abrogation of the rule of mutuality would seem to lead to a complete abrogation of the rule, even if the new exception now urged upon us should be confined to that class of cases where the defendant has been a plaintiff in the prior action.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEWIS, J. (dissenting). The decision upon this appeal turns upon the application of the doctrine of *res judicata*.

Three actions at law have been the outgrowth of a collision between two motor trucks — one owned by the United States Trucking Corporation, the other by the present defendant, New York and Pennsylvania Motor Express, Inc. The first two actions were by the owner corporations against each other. Each owner demanded property damages alleged to have resulted from the collision; each alleged freedom from negligence by the driver of its own vehicle and each charged that the property damage which it sustained was due solely to the negligence of the driver of the other truck. An order of consolidation of the two actions brought to trial before a single jury the issues of negligence and contributory negligence of the operators of the respective trucks. The outcome was a verdict for damages in favor of United States Trucking Corporation against New York and Pennsylvania Motor Express, Inc.

In the third action, now before us on appeal, the plaintiff was the driver of the truck owned by United States Trucking Corporation, the successful party in the consolidated action. He seeks damages for personal injuries against the corporate defendant which, as between the two truck owners, was held responsible for the collision.

The present plaintiff pleads two causes of action, the first being in the conventional form upon facts alleged to have been involved in the collision. By the second cause of action the plaintiff seeks whatever advantage is to be gained from the judgment recovered in the consolidated

action in which the present defendant New York and Pennsylvania Motor Express, Inc., was found to have been negligent and he, as the driver of the truck of United States Trucking Corporation, was found free from fault. To that end he pleads the judgment in the consolidated action as *res judicata* upon the issues of the negligence of the defendant and his own freedom from contributory negligence.

Before any evidence was taken at the trial of the present third action the plaintiff moved for the direction of a verdict in his favor upon the ground that the former judgment obtained by United States Trucking Corporation was conclusive upon issues tendered by the pleadings. The trial court denied the motion and thereupon the question of the defendant's liability was tried out before a jury which returned a verdict in favor of the defendant. Upon appeal by the plaintiff to the Appellate Division, the parties stipulated that the sole question to be reviewed would be the application of the doctrine of *res judicata* as it related to the second cause of action. The Appellate Division, one justice dissenting, ruled that the judgment in the prior consolidated action was *res judicata* as to the defendant's liability to the present plaintiff; the judgment at Trial Term was reversed and a new trial was ordered. We now review the order of the Appellate Division upon a stipulation by the defendant for judgment absolute.

If, as has been suggested, there lies behind the phrase *res judicata* " a rule of reason and practical necessity " and if " one who has had his day in court should not be permitted to litigate the question anew " (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 18), the record at hand affords a favorable background against which the application of that doctrine of estoppel by judgment may be considered. We have seen that, as a result of the consolidation of the two prior actions, it fell to a single jury to determine, as between the two truck drivers, whose conduct was responsible for the collision. And it is clear that there is no substantial difference between the opportunity afforded in the prior action to the present

defendant New York and Pennsylvania Motor Express, Inc., to establish that its driver exercised due care and that the collision was caused by culpable negligence by the driver of the other truck, and the opportunity afforded in the present action. In other words, here " the party *against* whom the plea [of *res judicata*] is raised was a party to the prior action and ' had full opportunity to litigate the issue of its responsibility.' " (*Good Health Dairy Products Corp.* v. *Emery, supra,* p. 18, and see *Liberty Mut. Ins. Co.* v. *Colon & Co.,* 260 N. Y. 305, 312.) It makes no difference whether in the prior action, in which the present defendant was the plaintiff, the negligence of the driver of the present defendant's truck was imputed to the owner. In any view of the applicable law the jury must have found that the present plaintiff Elder, as driver of the truck owned by United States Trucking Corporation, was free from negligence and that the driver of the present defendant's truck was negligent.

It must be conceded that a judgment in an action brought against the driver of a motor vehicle becomes *res judicata* in a subsequent action brought against the owner to enforce " derivative " liability. (*Portland Gold Mining Co.* v. *Stratton's Independence, Ltd.* [opinion by VAN DEVANTER. J.], 158 Fed. Rep. 63; *Featherston* v. *President of Newburgh & Cochecton Turnpike Road,* 71 Hun, 109.) The converse of this rule is also true — that a judgment in an action brought to enforce " derivative " liability against the owner is *res judicata* in a subsequent action against the driver. In *Giedrewicz* v. *Donovan* (277 Mass. 563) the court said (p. 569): " As a matter of public policy and in the interest of accomplishing justice, the better rule would seem to be that, if it is clearly established, in the trial of an action either against the employee or against the principal for damages caused by the employee's negligent conduct, that the employee is not negligent, the judgment in the case first tried is a bar to a subsequent action by the same plaintiff for the same negligent act of the same employee. In principle it would seem to be immaterial whether the

first judgment was obtained in an action against the employer provided the only ground for holding the employer is the negligence of the employee and it clearly appears that in the first trial the employee was found to be free from culpability.   *   *   *."

This principle was reaffirmed by the opinion by RUGG, Ch. J., in *Tighe* v. *Skillings* (297 Mass. 504, 507): " The crucial question in the case at bar is whether the judgment in the former case necessarily decided that at the time of the collision the operator of the truck of the H. B. Church Truck Service Company was not negligent.   If it did so decide, it is a bar to the present action."   (See, also, *Jepson* v. *International Ry. Co.* [opinion by POUND, J.], 80 Misc. Rep. 247, 249; affd., 163 App. Div. 933; affd., on other grounds, 220 N. Y. 731; *Lasher* v. *McAdam*, 125 Misc. Rep. 685; affd., 217 App. Div. 718; *Emery* v. *Fowler*, 39 Me. 326; *McNamara* v. *Chapman*, 81 N. H. 169; *Fightmaster* v. *Tauber*, 43 Ohio App. 266, and see annotation 31 A. L. R. 194.)   Thus, if in the action now before us the defendant were the plaintiff, the judgment in the former action would be *res judicata*.

The facts in the case at bar differ from those in the cases last cited only in the fact that in the cited cases the party against whom the plea of *res judicata* was invoked was the plaintiff in both actions.   Here the party against whom *res judicata* is urged was the plaintiff in the prior action and is the defendant in the present action.   Ordinarily this change in the position of the parties would defeat the application of *res judicata*.   That would be so in the present case, only if it could be said that in the prior action, in which New York and Pennsylvania Motor Express, Inc., was the plaintiff, it failed to recover because of the negligence of its own driver, not because of the fact that Elder was free from negligence.   (Cf. 8 Brooklyn Law Review, pp. 224, 227, 231.)   In the present case, however, the objection to the application of *res judicata* is not valid because in circumstances peculiar to the prior action the jury, which functioned under the order of consolidation must have

found that the present plaintiff Elder was free from negligence.

In cases where the liability of one party is said to be "derivative" the requirement of mutuality of estoppel by judgment has been relaxed, as in *Good Health Dairy Products Corp.* v. *Emery* (*supra*), where the second action was brought to enforce a secondary liability against a car owner at a time when a prior judgment had conclusively adjudicated that the driver of the defendant's car was not negligent. However, where the party against whom *res judicata* is invoked, was a defendant in both actions, the requirement of mutuality of estoppel has not been relaxed. (*Haverhill* v. *International Ry. Co.*, 217 App. Div. 521; affd., 244 N. Y. 582.) In other fields of law the requirement of mutuality has been disregarded. (*Epstein* v. *Gluckin*, 233 N. Y. 490, 493; The "Mutuality" Rule in New York, by Harlan F. Stone, 16 Columbia Law Review, p. 443; 3 Wigmore on Evidence [2d ed.], p. 78; 5 Williston [Rev. ed.], §§ 1433, 1434, 1440.)

The rule applicable to the case before us would seem to be that where identical issues of liability upon a given set of facts are put at issue in two successive suits, and where a full and complete trial of those issues has been had and there are no circumstances of record in the second suit which might reasonably justify a court in reaching a result contrary to the prior decision, estoppel by judgment becomes applicable provided the one *against* whom the prior judgment is invoked was a party to — at least a plaintiff in — the prior action. (See Res Adjudicata: Who Entitled to Plead, by Berkeley Cox, 9 Virginia Law Register [N. S.], 241, 254.)

If the present plaintiff Elder had been found negligent in the prior action, that judgment could not be asserted against him as *res judicata*. Such was the ruling in *Pesce* v. *Brecher* (302 Mass. ——, decided February 1, 1939), where the court distinguished the *Giedrewicz* case (*supra*) on the ground that "There the plaintiff had already had a complete trial of his own case under his own management and

sought a second opportunity to prove the same facts which he had failed to prove the first time. Here the plaintiff had no previous opportunity to prove his case."

It is not necessary to pass upon the question whether the judgment in the prior action brought by United States Trucking Corporation is *res judicata* here. It is the judgment in the prior action brought by the present defendant New York and Pennsylvania Motor Express, Inc., which is *res judicata*. Under the peculiar facts in this record, where the same jury passed upon the issues presented by both actions, we are not left in doubt as to the basis of the judgment in so far as culpability is concerned.

The order of the Appellate Division should be affirmed and judgment absolute ordered for the plaintiff.

LEHMAN, Ch. J., LOUGHRAN, SEARS and CONWAY, JJ., concur with FINCH, J.; LEWIS, J., dissents in opinion, in which RIPPEY, J., concurs.

Ordered accordingly.