BENJAMIN HIRSCHBERG, Plaintiff, *v.* MEADOW BROOK FARMS, INC., LACONIA DISTRIBUTING CORP. and ERNEST IZZILLO, Defendants.

Supreme Court, Special Term, Kings County, March 11, 1942.

*Edward Schauer*, for the plaintiff.

*Andrews, Baird & Shumate*, for the defendants.

LOCKWOOD, J.  Defendants move for leave to serve a supplemental answer, setting up as a complete defense the judgment rendered in a Municipal Court action arising out of the same collision as the present action.

The accident involved a truck driven by the plaintiff Hirschberg, owned by the Atlantic Basin Oil Co., Inc. (hereinafter referred to as Atlantic), and another truck owned by defendant Laconia Distributing Corp. (hereinafter referred to as Laconia), which was operated by defendant Izzillo, an employee of defendant Meadow Brook Farms, Inc.

The Municipal Court action was brought by Laconia against the Atlantic and Hirschberg (who was not made a party and did not appear in the action, though he testified as a witness), to recover for property damage.  Judgment was rendered, after verdict, in favor of Laconia against the Atlantic.

Defendants claim the defense may properly be interposed under the authority of *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14).

In that case the vehicles involved were an automobile owned by Mary C. Emery, operated by her son, William E., and the truck owned by Good Health Dairy Products Corporation (hereinafter referred to as Good Health), operated by Vandeville.  William E. Emery sued Vandeville and the Good Health for personal injuries in the City Court of Rochester and recovered judgment against both.

In another action brought by Good Health and Vandeville against William E. and Mary C. Emery for property damage and personal injuries, the defendants Emery sought to invoke the judgment in the previous action as a defense.

It was held that since there was an adjudication in the City Court action that the operator of the Emery automobile was not negligent as to plaintiff Good Health or the plaintiff Vandeville, that question is foreclosed and the plea of *res judicata* is available to both William E. and Mary C. Emery.

A subsequent case is *Elder* v. *New York & Penn. Motor Express, Inc.* (284 N. Y. 350).  That case arose out of a collision between a truck owned by New York & Pennsylvania Motor Express, Inc. (Penn.) and United States Trucking Corporation (United).  Each sued the other for property damage; the actions were consolidated and judgment awarded in favor of United.

Then Elder, the driver of United's truck, sued Penn. for personal injuries and moved for direction of a verdict in his favor upon the

ground that the judgment obtained by his employer, United, was conclusive against Penn.

It was held that it was not, and the verdict in favor of the defendant Penn. was upheld, two judges dissenting.

The present question is whether under the principles expounded in those cases, the defendants here may invoke the prior adjudication in favor of Laconia against plaintiff's employer, Atlantic.

The *Elder* case held that the driver of the successful owner's truck could not in his own case assert his employer's judgment as conclusive against the owner of the other truck.

An owner, in his suit against the other owner for property damage, may not rely on the judgment previously obtained by his driver in an action for personal injury against the other owner. (*Haverhill* v. *International R. Co.*, 217 App. Div. 521; affd., 244 N. Y. 582.)

In the present case the successful owner in the previous action seeks to assert its judgment against the owner of the other car, as a defense, in the suit brought by the operator of the other car, the owner of which lost in the previous case.

The present case may be compared with the *Elder* case, except that the operator there sought unsuccessfully to invoke his employer's success, whereas in the present case the successful employer seeks to interpose his judgment against the other owner, to bar the subsequent suit of the employees of the losing owner.

The *Elder* case and the present case differ from the *Good Health* case in that, in the latter case, the operators of both cars were parties in the first action, whereas neither of the operators was a party to the first action in the *Elder* case and the case at bar.

Under the principles discussed in the above cited cases, had Atlantic won the prior suit, Hirschberg (its driver) could not have relied on that adjudication to succeed in the present case.

Likewise, the contrary result cannot be used to defeat Hirschberg in his suit against the successful owner.

There is authority for the rule that a motor vehicle owner, when not in the vehicle at the time of an accident, may recover for damage to his car caused by the negligent operation of another vehicle, even though the operator of his own vehicle be negligent (*Webber* v. *Graves*, 234 App. Div. 579 [4th Dept.]; *Nannes* v. *Ideal Garage, Inc.*, 150 Misc. 522 [App. Term, 1st Dept.]. *Contra: Darrohn* v. *Russell*, 154 id. 753 [City Court of Rochester]), but the negligence of the driver is imputed to the owner when present in the car at the time the accident takes place. (*Gochee* v. *Wagner*, 257 N. Y. 344.)

Applying this rule to the facts in the *Elder* case, it would have been possible for United, the owner of the truck driven by Elder, to recover, even though Elder was found negligent. However, the record in the Municipal Court action shows that the issues there litigated and determined were the negligence of Penn.'s driver and Elder's freedom from contributory negligence in operating United's truck. (See *Elder* v. *New York & Penn. Motor Express, Inc.*, 259 App. Div. 380, 381.)

In the *Good Health* case the prior action determined the issue of negligence between Good Health's driver and Emery, the operator of the other car, in favor of the latter.

In the present case there has been an adjudication that Hirschberg was negligent, else there could have been no recovery by Laconia against the Atlantic. Still, Hirschberg was not a party to the previous action, did not control or conduct the defense, and had the result been contrary, he could not assert that adjudication against Laconia.

Under the principles expressed in the *Elder*, the *Good Health* and the *Haverhill* cases (*supra*) the defendants may not assert the previous judgment as *res judicata* in this action.

The defense in the proposed supplemental answer is, therefore, insufficient and the motion is denied.