In the Matter of CORTLANDT & DEY STREETS CORPORATION, Petitioner. CHARLES W. WOLF, INC., et al., Respondents.

Supreme Court, Special Term, New York County, July 9, 1949.

*Saul Levine* and *Leon Swersey* for Cortlandt Cafeteria, Inc., respondent.

*Alexander L. Caccia, Jr.,* for petitioner.

McNALLY, J. The tenant-respondent, the Cortlandt Cafeteria, Inc., moves to dismiss the petition herein on the ground that the proceeding is premature as to it. This is an alternative proceeding under section 4 of the Commercial and Business Rent Laws as amended by chapters 534 and 535 of the Laws of 1949. The tenant's lease expires January 31, 1950. The tenant contends that the statutes expressly preclude a proceeding in respect of an unexpired lease because they provide, in part (§ 4): " The rent to be so fixed shall be a reasonable rent based on the fair rental value of the tenant's * * * space as of the date of the application to the supreme court or submission to arbitration is made. * * * Nothing in this paragraph contained shall operate to affect any rent payable under any unexpired lease or agreement."

The tenant also cites in support of its position section 5 of the said statutes which proscribes increased rent in respect of a lease made prior to the freeze date wherein the rent reserved does not exceed the emergency rent, or in respect of a lease made subsequent to the freeze date wherein the rent reserved is less than the emergency rent.

Prior to the 1949 amendments, section 4 authorized the fixation of a reasonable rental in excess of the emergency rent with the view of affording the landlord a reasonable return. In the determination of a fair return one of the salient factors was the actual rents received from the premises at the time of the commencement of the proceedings. (*Matter of Court Square Bldg.* v. *City of New York,* 298 N. Y. 380, 388, 389.) As the rents received increased, the likelihood of an award in excess of emergency rent decreased, and, conversely, as the rents received decreased, the likelihood of such an award increased. Prior to the amendment, therefore, it was unnecessary to allocate a rental to that portion of the premises unoccupied by the respondents. Under the alternative procedure provided for by the 1949 amendment, however, the rents actually received are immaterial in the fixation of the reasonable rent, although, conceivably, they may have some bearing on the fair value of the property on which the net annual return is predicated. When the statutory net annual return is ascertained, it is then required to be allocated to the commercial space, if such space be involved, or to the office and store space if business space is involved, and thereafter the fair rental value per square foot of the " rentable . * * * space in such building or other rental area " is required to be determined. It will be observed that the rental value per square foot so determined is in respect of all such rentable area. Obviously, such a determination, insofar as the petitioner, is binding not only as to the space involved in this proceeding, but also as to all similar rentable space in the premises here involved (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14). The principle of the *Good Health* case (*supra*) is subject, of course, to a showing of a substantial change in circumstances postdating the prior adjudication (*Matter of Henard Realty Corp.* [*Kirsch*], 272 App. Div. 1010). If the determination here made of the rental value per square foot is to be effective as against those tenants presently not, but who may be hereafter, subject to the alternative relief afforded by section 4, they should be made parties hereto. The court is not presently required to and does not intend to presently pass upon the weight to be accorded the determination herein made of the rental value per square foot in any proceeding hereafter instituted. Its purpose is to indicate that the moving party is a proper party.

The portions of the statutes relied on by the movant above set out and paraphrased preclude the application of section 4 to unexpired leases, such as the movant's. Upon the expiration

of its lease, however, the movant will be subject to the alternative section 4 remedy for it provides, in part: " Upon the expiration of any lease or agreement the rent payable thereunder shall be the emergency rent if such rent be equal to or in excess of the fair rental value per square foot as in this paragraph determined and fixed."

Motion denied.