## BIRNBAUM v. HALL et al.

No. C. A. 2735.

United States District Court
E. D. South Carolina, Columbia Division.

Dec. 24, 1951.

606

Nelson, Mullins & Grier, Columbia, S. C., for plaintiff.

Wise, Whaley & McCutchen, Columbia, S. C., for defendants.

**WYCHE, Chief Judge.**

The plaintiff Helen Birnbaum sues the defendants Ernest W. Hall and Lola E. Hall for injuries sustained by her as the result of a collision between the automobile of the defendants and that of the plaintiff.

The case is before me on motion of the defendants for an order permitting them to amend their answer by setting up an additional defense as follows: "That defendants plead as a bar to this action a judgment heretofore rendered in the State of New York, adjudging that the accident set forth in the complaint in this action was due to, on information, advice and belief, the negligence, willfulness and wantonness of the plaintiff herein in the operation of the automobile which she was driving at the time, in which in the State of New York, Mary Reichener, Jeannette Krause and Adele Kane, et al., passengers in the automobile of the plaintiff herein, recovered judgment against the plaintiff herein for the sum of Thirty Five Thousand ($35,000.-00) Dollars for alleged injuries received by them while passengers in the automobile being driven by the plaintiff herein at the time set forth in the complaint in the action, and that such judgment was affirmed by the New York Supreme Court by decision reported in Teichner v. Birnbaum, 105 N.Y.S.2d at page 989."

It is the contention of the plaintiff that the judgment referred to in the proposed defense cannot be a bar to the plaintiff's action, and therefore, states no valid defense. Ordinarily, the court on motion to amend will not pass on the sufficiency of the amended pleading unless the insufficiency thereof is obvious on its face. Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147, 149; Stephens v. Reed, 3 Cir., 121 F.2d 696, 699. The question before me, therefore, depends upon whether the judgment which is set up by the defendants' proposed amendment would constitute a bar to the maintenance of the present suit.

The present action is one for personal injuries and property damage sustained by the plaintiff Helen Birnbaum as a result of the defendants' car colliding with that of the plaintiff. This was not the subject matter of the suit brought in the State of New York. That case was a suit by the passengers in the present plaintiff's car against her for personal injuries suffered by them. The subject matter of this case is, therefore, different. The only point of similarity between the two cases is that they both grow out of the same collision.

Where the second action is based upon the same claim, demand or cause of action, the judgment in the first action estops the parties to that action, and their privies, from again raising, not only the questions at issue in that case but also such questions as might have been litigated in the first action. Where, however, the two suits do not involve the same claim, demand or cause of action, the judgment in the former case is conclusive only as to matters actually litigated and determined by the judgment. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Lyerly v. Yeadon, 199 S.C. 363, 375, 19 S.E.2d 648.

If the defendants are entitled to set up the New York judgment as a bar to the present action it would have to be through the operation of that phase of the doctrine of res judicata usually called collateral estoppel. See, Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1; Gleaton v. Southern Ry. Co., 212 S.C. 186, 46 S.E.2d 879; Restatement, Judgments, Chap. 3, Introductory Note.

The rule of res judicata, as generally applied by the courts, precludes any of the parties to an action, or any of their privies from again litigating any of the questions which were in issue in a former action. Thus, the general rule is that the plea is available only to the parties to the prior action, or their privies, and that the estoppel of the judgment must be mutual. Therefore, it is well settled that, with certain exceptions herein noted, the doctrine of res judicata does not operate to affect strangers to the judgment. A judgment to which a party is a stranger does not operate either against or in favor of such person. Bigelow v. Old Dominion Copper Co., 225 U.S. 111 at page 127, 32 S.Ct. 641, 642, 56 L.Ed. 1009, 1021, Ann.Cas.1913E, 875; Mack Mfg. Co. v. Mass Bonding & Ins. Co., 114 S.C. 207, 232, 103 S.E. 499; 30 Amer. Jur., § 220, page 951; 50 C.J.S. Judgments, § 820, p. 382. There are some cases, however, which recognize apparent exceptions to this rule. See, 50 C.J.S. Judgments, § 820(c), page 384. A number of these exceptions where, among others, the relationship involved is that of master and servant, indemnitor and indemnitee and lessor and lessee, are set forth and discussed in the Restatement of the Law of Judgments, Sections 94–111.

There are some decisions which seem to indicate that in a Federal Court the judgment of a State Court will be accorded the same, but no greater, effect as res judicata than would be given it by the court of the State in which the judgment is rendered. National Lead Co. v. Nulsen, 8 Cir., 131 F.2d 51, 56; Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 139 A.L.R. 1. I am of the opinion that, since this is a diversity case, the plea of res judicata must be determined in accordance with the laws and policy of the State of South Carolina. Hartmann v. Time, 3 Cir., 166 F.2d 127, 1 A.L.R.2d 370. However, since I am convinced that the plea of res judicata asserted by the defendants herein would not be allowed either under the law of South Carolina or that of New York, it is not necessary to decide which law would be controlling had they been in conflict.

The defendants contend that the defense sought to be set up by them by their proposed amendment, should be allowed under the case of Good Health Dairy Products Corporation v. Emery, 275 N.Y. 14, 9 N.E. 2d 758, 112 A.L.R. 401. In that case the vehicles involved were an automobile owned by Mary C. Emery and operated by her son, William E. Emery, and a truck owned by Good Health Dairy Products Corporation and operated by Edward Vandeville. William E. Emery sued Vandeville and Good Health Dairy Products Corporation for personal injuries and recovered judgment against both. In another action brought by Good Health Dairy Products Corporation and Vandeville against William E. Emery and Mary C. Emery, the defendants Emery sought to invoke the judgment which William E. Emery had recovered in the prior action as a res judicata of the issues sought to be presented in the action instituted against them. The court held that where the liability of a principal or master is derivative, a judgment on the merits in favor of the servant or agent through whom liability is derived may be set up as a defense by the principal or master, although he was not a party to the earlier action. This is one of the exceptions to the rule requiring strict identity of parties, and is based upon the reasoning that the plaintiff in the first action, having failed to establish liability on the part of the servant or agent, should not be permitted to retry this issue where the liability of the principal or master depends upon the culpability of the one exonerated in the prior suit upon the same state of facts.

However, that is not the situation here. The judgment sought to be set up as a bar was rendered in an action in which several passengers in the present plaintiff's car recovered judgment against her for personal injuries sustained by such passengers. In the present case the suit is by the defendant in the former action, Helen Birnbaum, against Ernest W. Hall and Lola E. Hall, husband and wife, neither of whom was a party to the prior action. The plaintiff in the present action has not yet had her day in court to present evidence as to the claimed liability of the defendants to her

for the injuries which she has sustained. It is not claimed that there was any relationship of any kind between the defendants in the present suit and any of the plaintiffs in the prior suit. There is, therefore, obviously, no reason for applying in the present case any of the so-called exceptions to the rule requiring identity of parties. Since neither of the defendants was a party to the former action, they are not bound thereby and neither does the judgment operate in their favor.

This view is consistent with the decisions of the New York Court of Appeals. In Elder v. New York & Pennsylvania Motor Express, 284 N.Y. 350, 31 N.E.2d 188, 133 A.L.R. 176, it was contended that the court should eliminate, in the rule followed in the Good Health Case, supra, the necessity of the liability of being dependent upon the negligence of the servant and permit a reliance upon a judgment as res judicata, where identical issues of liability upon a given set of facts are put at issue in two successive suits, and where a full and complete trial of those issues has been had, and there are no circumstances of record in the second suit which might reasonably justify a court in reaching a result contrary to the prior decision. The court refused so to extend the rule announced in the Good Health Case, saying that if such extension was adopted: " * * *, then it would seem that we would eliminate entirely the requirements of mutuality of estoppel and of privity. In so doing it is submitted that this would overturn fundamental conceptions and overrule authorities. Haverhill v. International Ry. Co., 217 App.Div. 521, 217 N.Y.S. 522; affirmed, 244 N.Y. 582, 155 N.E. 905; Atlantic Dock Co. v. Mayor, etc., of City of New York, 53 N.Y. 64, 68; Booth v. Powers, 56 N.Y. 22; Nelson v. Brown, 144 N.Y. 384, 390, 39 N.E. 355. In the Haverhill case the court refused to allow plaintiff employer to introduce the prior judgment in favor of his employee, since there was no mutuality of estoppel. Heretofore also the rule of mutuality has been held operative in actions ex delicto and permits successive suits by different passengers based on the negligence of the defendant carrier arising out of the same accident where the identical issues arise in each trial. *In the case at bar plaintiff was one of the two principal actors in the collision and his right to recover has not been adjudicated in the previous action.* The proposed abrogation of the rule of mutuality would seem to lead to a complete abrogation of the rule, even if the new exception now urged upon us should be confined to that class of cases where the defendant has been a plaintiff in the prior action." 31 N.E.2d at page 190, 133 A.L.R. at page 178. (Emphasis added.)

Under the South Carolina decisions it has been held repeatedly that where identical issues have been decided in a prior action and again raised in a subsequent action, the defense of res judicata or estoppel by judgment may not be asserted unless the parties are the same or in privity. Mack Mfg. Co. v. Mass. Bonding & Ins. Co., 114 S.C. 207, 232, 103 S.E. 499; Peeples v. Seaboard Air Line Ry., 115 S.C. 115, 104 S.E. 541; Keel, Adm'r, v. Seaboard Airline Ry., 122 S.C. 17, 114 S.E. 761; Hall v. Waters, 132 S.C. 117, 128 S.E. 860; Priester v. Southern Railway Co., 151 S.C. 433, 149 S.E. 226; Bagwell v. Hinton, 205 S.C. 377, 32 S.E.2d 147; Reed v. Lemacks, 207 S.C. 137, 35 S.E.2d 34; Gleaton v. Southern Ry. Co., 212 S.C. 186, 46 S.E.2d 879.

It is not sufficient to show that the party against whom an issue of fact was decided in a former suit is a party to the present suit and seeks to contest an issue decided against him in a former suit. As a general rule the judgment must conclude both parties or it will conclude neither, and this case does not fall within any of the recognized exceptions to this rule.

Since the judgment sought to be set up as a bar to the present suit is res inter alias acta, it is not binding on the plaintiff as res judicata or by way of collateral estoppel, nor for any other purpose, in the present action.

It, therefore, follows that the proposed amendment to the defendants' answer fails to state a good defense, and the motion to amend should be, and is, denied, and

It Is So Ordered.