■ BERNARD FALCONE, Respondent, v. MYRTLE M. FALCONE, Appellant. — Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: The unsatisfactory and confused condition of this record makes a proper determination of the rights of the parties impossible and a new trial, therefore, must be had. (Appeal from judgment of Niagara Special Term for plaintiff directing the execution of certain deeds by defendant and for the recovery of $11,800.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ. [31 Misc 2d 740.]

■ In the Matter of CHARLES E. STEINBERG, an Attorney.— Application for reinstatement granted. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

# (April 11, 1963

■ ROBERT G. BISHOP, JR., Respondent, v. ROBERT DOWNS, Defendant, and CLYDE SCROGER, Appellant.— Order insofar as appealed from unanimously reversed, without costs of this appeal to any party, and motion granted, without costs. Memorandum: Defendant Downs, an absentee owner, sued plaintiff in a prior action and recovered a verdict for his property damage. Plaintiff, in the case at bar, now seeks to recover against the absentee owner and Scroger, the operator of his car. The judgment in the earlier action established that plaintiff was negligent and this issue cannot be litigated a second time. (*Peare* v. *Griggs,* 8 N Y 2d 44.) The ultimate issue to be determined, namely the plaintiff's negligence, has been resolved and bars any possibility of recovery by plaintiff. " One who has had his day in court should not be permitted to litigate the question anew." (*Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14, 18; also, see, *Hinchey* v. *Sellers,* 7 N Y 2d 287.) Special Term dismissed the complaint as to the defendant Downs on the ground of *res judicata* but denied the motion to dismiss as to the defendant Scroger. As operator of Down's automobile, Scroger has the right to take advantage of the principle of *res judicata* as a defense. (See *Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116; cf. *Manard* v. *Hardware Mut. Cas. Co.,* 12 A D 2d 29.) (Appeal from part of order of Monroe Special Term denying motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of HAROLD D. KIRKPATRICK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The appellant, an infant 11 years of age, was adjudicated delinquent upon the charge that he had thrown stones at a moving train and had broken a window in a passenger car. The most damaging proof was the testimony of a railroad policeman who had secured a written statement from the boy admitting that he had thrown stones at a passing train, which the lad described as a long series of freight cars. Although the witness had used the statement to refresh his recollection, the court refused defense counsel's request to see it. The same procedure was followed with reference to a statement of a companion of the appellant. It was error to have denied the appellant's attorney an opportunity to examine these statements. (*People* v. *Rosario,* 9 N Y 2d 286.) Furthermore, the Children's Court Judge refused to admit into evidence a photograph of a freight car which the appellant attempted to show was similar to the one at which he had thrown the stones. This exhibit had probative value and should have been received. These prejudicial errors make a new trial necessary. (Appeal from judgment of Onondaga County Children's Court convicting