Scileppi, J.
In September, 1961, defendant Hall’s jeep collided with and damaged a cement mix truck owned by plaintiff and operated by one Farnum. Farnum sued defendant for personal injuries, recovering a $5,000 verdict after a jury trial. In May, 1964, about two months after the termination of the Farnum v. Hall lawsuit, plaintiff sued Hall for property damage to its truck in the amount of $8,250. After issue was joined, plaintiff moved for summary judgment under CPLR 3212 upon the ground that the judgment in Farnum v. Hall was “ res judicata of the issues ” in the present action (except, of course, ^damages). Defendant submitted no papers in opposition. ( Summary judgment was granted, O’Maba, J., holding that since the issues in both the Farnum action and this were identical — that is, both cases turned on findings that Hall was negligent and Farnum was not—the determination of these issues binds Hall.
The Appellate Division, Fourth Department, reversed in a memorandum decision (24 A D 2d 831; noted, 32 Brooklyn L. Rev. 428), Justices Goldman and Henry dissenting in an opinion 'by Goldman, J. The majority in the Appellate Division held that only a defendant may raise a prior judgment as conclusive of the issues decided therein, citing Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350). The dissenters were of the opinion that, since Hall has had his day in court and litigated fully and lost on the only issues raised in the present case, the judgment in the first action is conclusive against him. This appeal comes here by permission of the Appellate Division, which certified the question: “ Was the order of Special Term [granting plaintiff summary judgment] entered January 18, 1965, properly made? ”
Respondent asserts that Haverhill v. International Ry. Co. (244 Ñ. Y. 582) and Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350, supra) are binding authority for the proposition that a prior judgment may not be used under the circumstances presented by this case. While it is true that most of the relevant cases in this area in New York have arisen under circumstances wherein the defendant sought to use the prior adjudication against the plaintiff, there se.ems to be no reason in policy or precedent to prevent the “ offensive ” use of a prior judgment. In fact, there have been cases in this *144 court that have allowed the affirmative use of a prior judgment to establish a right to recover (see Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305; United Mut. Fire Ins. Co. v. Saeli, 297 N. Y. 611). However, there is need here for a reconsideration of the principles governing who may use the prior judgment against one who was a party, or in privity with a party, to the earlier adjudication! —.................
The modern trend of decision, both in this court and elsewhere, permits the use of the Farnum judgment as determining the rights of the parties in the present suit and, for that reason, the Appellate Division should be reversed and the order of the Special Term reinstated.
The main support for defendant’s argument is the so-called rule of mutuality of estoppel, that is, unless both parties are bound by the prior judgment, neither may use it. This rule has been so undermined as to be inoperative.
In Liberty Mut. Ins. Co. v. Colon & Co. (supra), this court was presented with a case in which the plaintiff’s right to recover depended upon whether the defendant had caused the death of plaintiff’s insured’s employee. In an earlier action, the deceased’s widow had recovered damages in a wrongful death action brought against the same defendant. The plaintiff sought and obtained summary judgment based on the determination in the widow’s action. The defendant opposed that motion on the ground that the earlier judgment was not res judicata in this later action. The court held that summary judgment for the plaintiff was proper because: “ The defendant has had full opportunity to litigate the issue of its responsibility for the death of the [deceased] in the action brought by [his representatives] ” (260 N. Y., p. 312). A few years after the Colon case came the leading case of Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14) which is not so important here for its facts as it is for its declaration (p. 18) that: “ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 1 had full opportunity to litigate the issue of its responsibility.’ (See *145 Liberty Mutual Ins. Co. v. Colon, 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.”
These two cases, Colon and Good Health, did much to undermine, if not destroy, the doctrine of mutuality. In 1942 in a perceptive and, as later events proved, far-reaching decision, the Supreme Court of California decided the case of Bernhard v. Bank of America (19 Cal. 2d 807 [Traynor, J., now Chief Justice]). There the court, noting that other jurisdictions had abandoned the requirement of mutuality of estoppel and had confined the requirement of privity to the party against whom the plea of res judicata is asserted (citing, inter alia, Colon and Good Health, supra), held that the plea of res judicata may be raised when the earlier action resulted in a final judgment on the merits; where the party against whom the plea is asserted was a party or the privy of a party in the prior action and when the two actions present identical issues.
"TEe~criteria established in Bernhard (supra) have been absorbed into our law. To illustrate, in Israel v. Wood Dolson Co. (1 N Y 2d 116), after citing Good Health and Colon, we said: 11 It will be seen, therefore, that the fact that a party has not had his day in court on an issue as against a particular litigant is not decisive in determining whether the defense of res judicata is applicable.” (1 N Y 2d 116, 119.)
In Statter v. Stutter (2 N Y 2d 668), we indicated that the estoppel of a former judgment may be used when it appears that the questions presented by a second action were 11 necessarily involved in and determined by the first judgment ” (2 N Y 2d 668, 672 [Burke, J.]). A year later, in Commissioners of State Ins. Fund v. Low (3 N Y 2d 590, 595), this court, per Desmokd, J., as he was then, indicated that the estoppel o-f -an earlier judgment oueratnsmndexJwo rules of public policy, the Wirstbeing that a question once tried out should not be'relitigated and the second that a party must not be deprived of an actual opportunity to be heard. In Hinchey v. Sellers (7 N Y 2d 287), *146 it becomes increasingly obvious that this court looks to the issue involved in a prior judgment rather than to any hyper-technical rule of mutuality in determining whether a party to an earlier action may be concluded, at least on certain issues, by the judgment in that action when the same issue is presented by someone not a party to the earlier action. In Peare v. Griggs (8 N Y 2d 44), we repeated that a prior judgment, encompassing issues upon which a party has had a full day in court, binds that party. In People v. Lo Cicero (14 N Y 2d 374, 380) we said that: ‘ ‘ while there is some flexibility in regard to those who may invoke collateral estoppel by judgment * * * it is essential that the party sought to be estopped be identical to, or a strict privity with, the party who previously had his day in court and lost.”
. Our most recent pronouncement in this area is Cummings v. Dresher (18 N Y 2d 105, 107-108), involving the same parties in both the earlier and current lawsuits, where we said, per Desmond, Ch. J.: “ We do not understand why in a reasonable, prompt and nonrepetitious judicial system the negligence or no of these two drivers must be decided all over again, after having once been settled after a jury trial in which all these same people were parties and all the same issues tried and decided. ‘ One who has had his day in court should not be permitted to litigate the question anew. * * * Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues ’ ”.
Respondent seeks to make much of the fact that many of these cases speak of the defensive use of the earlier judgment and draw from this a rule that the bar of a prior judgment may be used only as a defense. The latest indication from this court is to the contrary. In the case of United Mut. Fire Ins. Co. v. Saeli (272 App. Div. 951, affd. 297 N. Y. 611, supra), this court affirmed a determination that a prior judgment may be used affirmatively. In the argument before this court in the Saeli case the unsuccessful defendant-appellant relied principally on Haverhill v. International Ry. Co. (244 N. Y. 582, supra) and *147 Elder v. New York & Pennsylvania Motor Express (284 N. Y. 350, supra).
In Elder v. New York & Pennsylvania Motor Express (supra), the court refused to permit affirmative use by the plaintiff driver of an earlier judgment in favor of the owner of his vehicle. But even here the court seems to acknowledge that under Good Health {supra) the owner could use a judgment in favor of the driver as a defense. The only reason given by the court for not allowing recovery by Elder was that to do so would “ overturn fundamental conceptions [i.e., mutuality] and overrule authorities. (Haverhill v. International Ry. Co. * * *) ”. (284 N. Y., p. 353.)
In light of the decision in Saeli {supra) and the developments of the law in this State and elsewhere, the time has come to overturn mutuality and to overrule at least Haverhill because its outcome was dictated by want of mutuality.*
To recapitulate, we are saying that the “ doctrine of mutuality ” is a dead letter. While we have not expressly so held, the trend of our decisions leads to this conclusion (see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.42). This view finds support in other States (Bernhard v. Bank of America, supra; Coca Cola Co. v. Pepsi-Cola Co., 36 Del. 124; DePolo v. Greig, 338 Mich. 703; Gammel v. Ernst & Ernst, 245 Minn. 249; Lustik v. Rankila, 269 Minn. 515; Cantrell v. Burnett & Henderson Co., 187 Tenn. 552; cf. First Nat. Bank of Cincinnati v. Berkshire Life Ins. Co., 176 Ohio St. 395; see, also, Ordway v. White, 14 A D 2d 498; but see Reardon v. Allen, 88 N. J. Super. 560) and Federal courts (see, e.g., Zdanok v. Glidden Co., 327 F. 2d 944 [2d Cir.]; Graves v. Associated Transp., 344 F. 2d 894 *148 [4th. Cir.]; cf. Berner v. British Commonwealth Pacific Airlines, 346 F. 2d 532 [2d Cir.]).
In this case, where the issues, as framed by the pleadings, were no broader and no different than those raised in the first lawsuit; where the defendant here offers no reason for not holding him to the determination in the first action; where it is unquestioned (and probably unquestionable) that the first action was defended with full vigor and opportunity to be heard; and where the plaintiff in the present action, the owner of the vehicle, derives his right to recovery from the plaintiff in the first action, the operator of said vehicle, although they do not technically stand in the relationship of privity, there is no reason either in policy or precedent to hold that the judgment in the Farnum case is not conclusive in the present action (see Currie, Mutuality of Collateral Estoppel, 9 Stan. L. Rev. 281; Currie, Civil Procedure: The Tempest Brews, 53 Calif. L. Rev. 25; Thornton, Further Comment on Collateral Estoppel, 28 Brooklyn L. Rev. 250).
Accordingly, the order of the Appellate Division should be reversed; the certified question “ Was the order of Special Term entered January 18, 1965, properly made? ” answered in the affirmative; and the order of Special Term reinstated.

 Defendant also relies on the eases of Glaser v. Huette (232 App. Div. 119 [Martin, J., dissenting], affd. 256 1ST. Y. 686) and Minhoff v. Brenner (13 A D 2d 838, affd. 10 N Y 2d 1030). In both eases, the parties to the second suit rifad been codefendants in an earlier negligence action. In both it was held I that the judgment in the first action was no bar to the second because the parties to the second action did not actually litigate the question of negligence, inter se, land the prior judgment did not necessarily resolve the issue among them. | Thus Glaser and Minhoff are clearly distinguishable on the ground that here ; the relevant issue of Famum’s and Hall’s negligence was actually litigated and decided. Therefore, whether Glaser and Minhoff should be followed is not before us (see Orchvay v. White, 14 A D 2d 498; Friedman v. Salvati, II A D 2d 104).