◼ Robert W. Farrell, Respondent, v. L. F. Dommerich & Co., Inc., et al., Appellants, et al., Defendants.— Order entered July 3, 1968 is unanimously reversed on the law and the defendants-appellants' motion for summary judgment dismissing the complaint is granted, with $50 costs and disbursements to defendants-appellants. The complaint alleges that the defendants-appellants L. F. Dommerich & Co., Inc., and its vice-president Joseph O'Grady participated in a conspiracy with the nonmoving defendants to fraudulently deprive plaintiff-respondent of his interest in the defendant Newspaper Consolidated Corporation. There are no facts to support the bare conclusory allegations that the defendants-appellants either joined in the alleged con-

spiracy or that they participated in any acts in furtherance thereof. The only acts alleged to have been committed by defendants Dommerich and O'Grady in an attempt to implicate them in the alleged conspiracy are the making of fraudulent loans to the defendant Newspaper Consolidated Corporation and the obtaining of fraudulent guarantees of said loans involving plaintiff. However, not only do the papers fail to set forth any facts to support the allegation that the loans and guarantees were fraudulent, but it appears that the validity of the loans and guarantees in question has already been established in a prior action brought by defendant Dommerich against the present plaintiff to enforce the latter's liability on the guarantees. In such a posture, the doctrine of collateral estoppel bars further litigation between plaintiff and the defendants as to the validity of the loans and guarantees (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116). Nor is it an objection to the defensive application of collateral estoppel in favor of defendant O'Grady that he was not a party to the prior action (*Good Health Dairy Prods.* v. *Emery*, 275 N. Y. 14; see, also, *B. R. DeWitt, Inc.* v. *Hall*, 19 N Y 2d 141). Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.