■ HERR'S MOTOR EXPRESS, INC., et al., Appellants, v A. R. MIDWAY TRUCK AND TRAILER SALES, INC., Respondent. — Order reversed, with costs, and motion granted. Memorandum: Plaintiff appeals the denial of its motion for summary judgment on the issue of liability in its action to recover for property damage to its trailer incurred in an accident which resulted from a faulty rear axle on the tractor. Defendant, a corporation doing truck repair, had allegedly installed the axle improperly. In a prior action against defendant arising out of the same accident and based on the same alleged negligence, the owner of the tractor had recovered for damages to the tractor. In the prior trial it was stipulated that the determination as to defendant's liability would be binding in the later action against defendant involving the trailer. On this basis, plaintiff, the trailer owner, moved for summary judgment urging that under the doctrine of collateral estoppel, defendant was precluded from contesting the finding of liability (see *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65). Special Term, however, denied summary judgment finding questions of fact in the affidavits submitted by defendant suggesting that newly discovered evidence existed which, had it been presented in the first trial, would have altered the result. This was error. The very purpose of issue preclusion is to prevent a relitigation of an issue in a subsequent trial when the parties have had a full and fair opportunity to litigate the identical issue in a prior trial (see *Schwartz v Public Administrator of County of Bronx*, supra, pp 70, 74, 75; *Gilberg v Barbieri*, 53 NY2d 285, 291; Restatement, Judgments 2d, § 17, Introductory Note to title E, p 249; § 27; 9 Carmody-Wait 2d, NY Prac, § 63:204). Defendant's negligence is the decisive issue in each action and that issue has been determined against defendant in the first trial. The judgment based on defendant's negligence has not been reopened and the determination as to liability must be given preclusive effect in the action before us (see *Schwartz v Public Administrator of County of Bronx*, supra; *B. R. Dewitt, Inc. v Hall*, 19 NY2d 141, 143). We know of no precedent permitting a defendant to attack the determination collaterally in the subsequent trial by reopening the issue for the introduction of newly discovered evidence. Defendant has not met his burden of establishing that he did not have a full and fair opportunity to contest the issue in the prior trial (see *Schwartz v Public Administrator of County of Bronx*, supra; *B. R. Dewitt, Inc. v Hall*, supra; cf. *Gilberg v Barbieri*, supra). All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). The majority recite generally good hornbook law, but it is not as rigid as stated. There is recent precedent which supports the denial of summary judgment and permits this action to be litigated (see *Gilberg v Barbieri*, 53 NY2d 285). In its decision, Special Term recited precisely why the principles of collateral estoppel are not applicable in this case. Due process should not permit a litigant to be bound by an adverse determination made in a prior proceeding where there is new evidence submitted to the court that the cross member relied upon in the prior action was not the crossbar installed and that the cross member now available will show this. Such matters are not governed by any well-defined rules, but depend in a great degree upon the facts presented to the court. They are addressed to the court's discretion, designed to accomplish substantial justice (*Barrett v Third Ave. R. R. Co.*, 45 NY 628) and whether a party had a full and fair opportunity to litigate a prior determination involves a practical inquiry into the realities of litigation (*Gilberg v Barbieri, supra*, p 292). (Appeal from order of Supreme Court, Schuyler County, Ellison, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.