Edgar J. Nathan, Jr., J.
Plaintiff seeks the judicial settlement of its account as trustee under deed of trust made by Bernarr Macfadden, as settlor, pursuant to the terms of a separation agreement with his wife, Mary Macfadden, dated April 6, 1932. The parties separated in 1930. The court is asked, among other things, to hold the Bernarr Macfadden Foundation, Inc., liable for the settlor’s obligations under the deed of trust and the separation agreement. The defendant children have been stricken as parties.
This separation agreement provided for the establishment of the trust involved in this proceeding, and further provided in paragraph Thirteen thereof that “ should the income from the said trust at any time be less than the sum of $15,000, then and in that event [Bernarr Macfadden] will pay the difference between the amount of such dividends and the said sum of $15,000 to the trustee ’ ’. It is conceded that the income from the trust in each of the years in question was less than the $15,000 guaranteed, and that the outstanding deficits were $4,118.04 for the year ending April 7, 1955; $6,182.96 for the year ending April 7, 1956; $5,318.09 for the year ending April 7, 1957; $2,501.35 for the year ending April 7, 1958; and $5,983.88 for the year ending April 7, 1959, making a total of $24,104.32. It is this sum the trustee and cross complainant Mary Macfadden seek to recover from the Foundation, less certain offsets claimed in the counterclaim upon which the court rendered judgment at trial in favor of the Foundation.
Bemarr Macfadden died October 12, 1955 and it is conceded that there are insufficient assets in his estate with which to pay the deficits. The court determined at trial that the obligations of Bemarr Macfadden under the separation agreement survived his death, and judgment was rendered accordingly in favor of *127 Mary Maefadden and against Ms estate for the sum of $24,104.32, representing the amount of the deficiencies, less offset claimed in the counterclaim.
The complaint and cross complaint of Mary Maefadden also seek to hold the Foundation liable for these deficiencies under the separation agreement, and tMs is the only issue left for determination. On September 17, 1931, after he and his wife Mary Maefadden had separated, Bernarr Maefadden organized the Bernarr Maefadden Foundation, Inc., a membersMp corporation, and transferred substantially all of Ms assets to it. It is alleged that the transfers to the Foundation in 1931 and thereafter were fraudulent and in violation of article 10 of the Debtor and Creditor Law. These transfers to the Foundation shortly prior to the execution of the separation agreement but after the actual separation, as well as the later transfers, were without consideration and were likely to and did render Bernarr Maefadden’s estate insufficient to meet the guaranteed income under the trust. To the extent that these transfers placed his property out of reach of any future claims by Ms wife under the separation agreement, they were fraudulent (Debtor and Creditor Law, § 275).
It is also urged that tMs court is bound by a prior adjudication holding that the Foundation is the alter ego of Bernarr Maefadden and is, therefore, responsible for his obligations under the separation agreement (Macfadden v. Macfadden, 46 N. J. Super. 242, affd. 49 N. J. Super. 356). That case so held in an action for specific performance involving the same parties and the same separation agreement as in the instant case. Although the particular provision of the separation agreement involved in that case is not in issue here, the finding that the Foundation was the alter ego of Bernarr Maefadden was general, and necessarily would apply to all its provisions. A reading of the printed record on appeal shows clearly that this issue was presented and argued fully. Accordingly, the language of Chief Judge Conway in Israel v. Wood Dolson Go. (INI 2d 116) is apt. At page 118 he writes: “ The common-law doctrine of res judicata, designed to bar relitigation of adjudicated issues, is the law’s recognition of the fact that it is to the interest of the State that there should be an end to litigation. The doctrine, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction, is binding upon the parties and their privies in all other actions or smts on points and matters litigated and adjudicated in the first suit or which might have been litigated *128 therein (Good Health Dairy Products Corp. v. Emery, 275 N. Y. 14, 17; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304).”
At page 119 he quotes, with approval, from Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14, 18), as follows: “ ‘ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be,permitted to litigate the question anew * * *. Where
a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.’ ” Following such reasoning, this court holds that the final judgment rendered upon the merits by the New Jersey court hereinabove referred to is binding upon the parties in this proceeding, and that this court is bound to give full faith and credit to such judgment in settling this account. For this additional reason, the court finds the Foundation liable to pay the trustee for any past deficiencies under the trust and for any future deficiencies, if and when they accrue. The additional relief requiring the Foundation to establish a separate trust fund to guarantee and secure future deficiencies is denied.
Under the circumstances established by the evidence in this case, the court denies the application of the plaintiff and cross complainant that they be paid counsel fees by defendants’ executors and Foundation.
At the close of this trial the affirmative defenses were withdrawn and judgment was granted permitting an accounting. Upon consent of the parties, judgment was also granted upon the second cause of action in favor of Mary Macfadden and against the estate of Bernarr Macfadden in the sum of $24,104.32. Upon consent judgment was also granted upon the third cause of action and counterclaim to the extent of directing the trustees to pay the Foundation, out of the reserve fund, a sum equivalent to three tenths of the cost of maintenance and repair of the Englewood property, not to exceed $180 per month, this sum to be offset against the sum of $24,104.32, the amount of the deficiencies for which the Foundation has been found liable. Settle judgment accordingly.