(165 App. Div. 683)

### In re STEELE. (No. 300/5.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. ATTORNEY AND CLIENT (§ 182*)—ATTORNEY'S LIEN—JUDGMENT FOR COSTS.
　　The fact that costs taxed in a case belong to the client, and not to the attorney, does not affect the attorney's lien on the judgment for costs.
　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

2. JUDGMENT (§ 883*)—SET-OFF OF JUDGMENTS—ATTORNEY'S LIEN.
　　Where R. recovered a judgment for trespass against S., and, body execution having been issued, S. was incarcerated, after which he applied for discharge from imprisonment, and was discharged, and the order affirmed by the Appellate Division, with costs against R., he was entitled to have the judgment for costs set off against his judgment against S., in the absence of any claim or showing on the part of the latter's attorney that he was entitled to enforce an attorney's lien on the judgment for costs.
　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

Appeal from Saratoga County Court.

Application of Harvey Steele, an imprisoned debtor, to be discharged. From an order of the Saratoga County Court, offsetting judgments held by the respective parties against each other, Steele appeals. Affirmed.

See, also, 158 App. Div. 894, 142 N. Y. Supp. 1146.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　151 N.Y.S.—6

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-
ARD, and WOODWARD, JJ.

Tibbitts Walker, of ·Corinth, for appellant.
Slade, Harrington & Goldsmith, of Saratoga Springs (Irving I.
Goldsmith, of Saratoga Springs, of counsel), for respondent.

HOWARD, J. A judgment was rendered in the Supreme Court
in an action for trespass for the sum of $171.62 in favor of Marion
Ross and Nancy Shea and against Harvey Steele. An execution was
issued to the sheriff of Saratoga county upon this judgment, but it
was returned unsatisfied, and subsequently an execution against the
person of Harvey Steele was issued, and he was taken into custody
and confined in the Saratoga county jail. Subsequently Steele made
an application under the Debtor and Creditor Law to be discharged
from imprisonment, and he was discharged. An appeal to the Appel-
late Division from the order discharging him was taken by Marion
Ross and Nancy Shea, but the order of discharge was affirmed, with
costs, amounting to $63.22, in favor of Steele. An application was
made by Ross and Shea to the Saratoga County Court to have the
judgment for costs, obtained by Steele, offset and credited upon the
judgment previously obtained by Ross and Shea against Steele. This
motion was granted, and from that order an appeal is taken to this
court.

[1] Under section 475 of the Judiciary Law (Consol. Laws, c. 30),
and under numerous decisions of the courts construing section 66
of the Code of Civil Procedure (the statute on this subject which·
preceded section 475 of the Judiciary Law), the attorney for Steele,
on the appeal from the order discharging him from custody, undoubt-
edly has a lien on this judgment of $63.22 for costs. The County
Judge in his memorandum based his determination upon the proposi-
tion that the costs belong· to the client, and not to the attorney. This
is the law, but it in no manner affects the attorney's lien upon the
judgment for costs. Matter of Regan, 167 N. Y. 338, 60 N. E. 658;
Agricultural Insurance Co. v. Smith, 112 App. Div. 840, 98 N. Y.
Supp. 347; Barry v. Third Ave. R. R. Co., 87 App. Div. 543, 84 N.
Y. Supp. 830.

[2] These convincing authorities and the plain language of the stat-
ute would require us to reverse the order of the County Judge, were
the record sufficient to form a basis for such action. It seems to us,
however, to be wholly insufficient. Walker, the attorney for the ap-
pellant, has failed to make an affidavit himself, or present for the
consideration of the court the affidavit of his client. And he has failed
to put anything whatever in the record showing that he acted as
attorney for Steele in procuring his discharge from custody, or any-
thing showing that he has not been paid. He has also failed to make
any claim, so far as the record shows, for his lien. The record does
not indicate that any notice of lien or claim of any kind on the part
of the attorney has been presented against Steele's judgment, and we
are also not informed whether it was Walker, or some other attorney,
who represented Steele on his motion to be discharged. If the neces-

sary information appeared in the opposing affidavits, it would, perhaps, be sufficient; but the record is absolutely barren of all the basic facts necessary for the application of the provisions of section 475 of the Judiciary Law.

Therefore these simple facts alone are presented to us: Ross and Shea have a judgment for $171.62 against Steele, and Steele has a judgment for $63.22 against Ross and Shea. Unless we are at liberty to assume the facts which the record has failed to supply, we cannot order the enforcement of the attorney's lien. Such an assumption we cannot make; neither could the court below. This being so, it was the duty of the County Judge to offset the Ross and Shea judgment against Steele's judgment. Therefore his order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.