MARY NEENAN, Plaintiff, v. WOODSIDE ASTORIA TRANSPORTATION CO., INC., Respondent, and JOHN J. HUPPMANN, Appellant.

(Argued January 13, 1933; decided February 28, 1933.)

*Daniel Mungall* for appellant. It was error for the trial court to exclude the judgment roll in appellant's suit against defendant-respondent. (*Duignan* v. *Pawlikowski*, 134 Misc. Rep. 22; Civ. Pr. Act, § 264; *Pratt* v. *Johnston*, 59 App. Div. 52; 167 N. Y. 612; *House* v. *Lockwood*, 137 N. Y. 259.) The adjudication in the action

between the owners of the vehicles was an adjudication that the defendant-respondent was solely responsible for the collision and is a bar to its motion for contribution. (*House* v. *Lockwood,* 137 N. Y. 259.)

*Arthur N. Seiff* and *Frederick J. Groehl* for respondent. The trial court properly excluded from evidence the judgment roll in the former action between the appellant and defendant-respondent. (*Glaser* v. *Huette,* 232 App. Div. 119; 256 N. Y. 686; *Murray* v. *Mastroeni,* 137 Misc. Rep. 708; *St. John* v. *Fowler,* 229 N. Y. 270; *Connell* v. *N. Y. C. & H. R. R. R. Co.,* 144 App. Div. 664; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Erie R. R. Co.* v. *International Ry. Co.,* 209 App. Div. 380; 239 N. Y. 598.)

CRANE, J.  On February 7, 1929, at the corner of Seventeenth avenue and Jamaica avenue, in the borough of Queens, New York City, a collision occurred between the automobile owned and operated by John J. Huppmann and a bus of the Woodside Astoria Transportation Co., Inc.  Huppmann sued the transportation company for damages and proved that the collision was due solely to the negligence of its driver to which no carelessness on his part contributed.  He recovered a judgment of $2,153.75 against the company.

Later, a passenger in the bus, Mary Neenan, sued both Huppmann and the Woodside Astoria Transportation Co., Inc., for the damages due to personal injuries received in the collision and, strange as it may seem, recovered a judgment of $1,500 against both defendants.  Huppmann sought to introduce the judgment roll in his action against the transportation company, but of course it was not *res judicata* as to the passenger, Mary Neenan, as she was not a party to that action.  She was free to prove that Huppmann was also negligent.  If this were not so a responsible party might by collusion shift the liability upon an irresponsible person who cared little about a judgment against him.  A plaintiff may hold

all joint tort feasors. There was no error in excluding the judgment roll in the action of Mary Neenan.

Another question arises on the motion of the Woodside Astoria Transportation Co., Inc., for contribution, under section 211-a of the Civil Practice Act. That company quickly stepped forward and paid the lesser of the two judgments, the Mary Neenan judgment of $1,500, and then under this section asked the court for an order to compel Huppmann to pay his half, $750. The undisputed facts then were that Huppmann had a judgment against the company for $2,153.75, based upon its sole negligence and his freedom from contributory negligence, while the company, having paid a later judgment, recovered by its passenger hurt in the same accident, seeks to make Huppmann pay half of it because of his negligence.

Inconsistencies are not always avoidable in the law, arising as they do out of different trials between different parties, conducted by lawyers of varying ability. Some things, however, must be considered before the transportation company can have contribution.

Section 211-a of the Civil Practice Act reads as follows:

" § 211-a. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his *pro rata* share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

There are two remedies provided. An action may be brought against the joint defendant to recover his proportionate part of the payment. If the transportation company had brought such an action Huppmann could have set up his prior judgment against it as a counterclaim or a setoff. Equity has long recognized the right of setting off one judgment against another. (*Beecher* v. *Vogt Manufacturing Co.*, 227 N. Y. 468.) The result would have been that the Huppmann judgment would have more than met the company's claim and contribution would have been denied except as the offset accomplished it. When, however, the other remedy provided by the section is taken, and a judgment for contribution is sought by *motion*, the same defenses and offsets are available. What could be pleaded as a defense in the action can also be set up on the motion. The action or the motion is a mere procedural step. The relief for either party is the same in both. No advantage is gained by seeking the action rather than the motion, although the former may be more appropriate where the facts are complicated or require evidence to establish the equities.

To set off one judgment against another by motion is a procedure recognized by the text books and the authorities. The satisfaction of a judgment may be wholly or partially produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor or, in other words, by setting off one judgment against another. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon, or set off against, a judgment against him. The court in a proper case will grant the motion. (2 Freeman on Judgments, § 1142; *Simson* v. *Hart*, 14 Johns. 63; *Ewen* v. *Terry*, 8 Cow. 126.)

" The right to set off judgments is a matter of equitable jurisdiction, and rests in the legal discretion of the court,

constrained and regulated by certain established rules. It is true that the power is often exercised by motion in the action in which one of the judgments has been recovered, but only when the right to the desired setoff is clear." (SCOTT, J., in *Kretsch* v. *Denofrio*, 137 App. Div. 617, 619. See *Matter of Steele*, 165 App. Div. 683; *Beecher* v. *Vogt Manufacturing Co.*, 227 N. Y. 468.)

On this application of the Woodside Astoria Transportation Co., Inc., for contribution under section 211-a of the Civil Practice Act from John J. Huppmann, the Special Term denied the motion, when it appeared that Huppmann had a judgment against the company, as above stated. The papers and briefs assume that this Huppmann judgment has not been paid, that both judgments are outstanding obligations. The cases have been argued upon this theory. If this be so the Special Term was right in denying the motion and refusing to grant a judgment against Huppmann for $750. What the court should have done, however, was to credit this amount on Huppmann's larger judgment of $2,153.75, and thus partially to have set off one against the other. On the other hand, if the Huppmann judgment, by any chance not appearing in the record, has been paid, then the motion should have been granted. While it seems inconsistent that Huppmann should share with the other defendant damages to a third person arising out of an accident for which, as between themselves, the courts have decided that Huppmann was in no way to blame, yet the inconsistency is more apparent than real. Mary Neenan was not interested in the action between Huppmann and the transportation company; the result was a matter of indifference to her. She could have sued Huppmann alone and could have collected her full recovery out of him. She chose to sue both, and the judgment against both gives to the one paying it the right to collect from the other his share. No such right existed prior to section 211-a of the Civil Practice Act.

The theory of this amendment is to give to the paying defendant the plaintiff's right of execution against the other defendant, up to and no further than his aliquot share of the judgment. The paying defendant thus recovers on the theory of subrogation and partially enforces a right always existing in the plaintiff. This does not, however, affect other rules of law, such as the right to setoff, heretofore spoken of.

With this explanation of the respective rights and remedies of these defendants, the *order* of the Appellate Division should be reversed and the matter remitted to the Special Term to dispose of in accordance with this opinion.

The *judgment* in favor of Mary Neenan against Woodside Astoria Transportation Co., Inc., should be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.