EDWARD L. JUNG, Plaintiff, *v.* HARRISON ALLISON and Another, Defendants.

Supreme Court, Erie County, January 8, 1935.

*Coatsworth & Diebold*, for the plaintiff.

*William B. Mahoney*, for the defendant Allison.

*Locke, Babcock, Hollister & Brown*, for the defendant Gill.

HARRIS, J. This is an action in negligence brought by the plaintiff (a passenger in the car of the defendant Gill) against the

said defendant Gill and the defendant Allison whose car is alleged to have been in collison with the car of the defendant Gill.

The motion is for an order striking from the amended answer of the defendant Allison certain allegations. These allegations, in substance, state that, growing out of the accident which is the basis of the action herein, there was brought an action in the City Court of Buffalo by the defendant Allison there as plaintiff with the defendant Gill there as defendant and that on the trial of such action the jury rendered a verdict of $250 in favor of the said Allison against the said Gill; that the judgment based on such verdict was paid and satisfied on behalf of or by the said Gill; that the defendant Allison in this action demands judgment against the defendant Gill herein declaring such judgment of the City Court of Buffalo res adjudicata on the issues of negligence and contributory negligence in this action so far as the two defendants herein are concerned.

The defendant Allison herein raises the contention that this motion should not be granted because it is not made by the plaintiff, conceding that if the plaintiff made such motion it should be granted. In Neenan v. Woodside Astoria Transportation Co., Inc. (261 N. Y. 159), the learned Court of Appeals, on an application of a plaintiff, held that judgment as between the two defendants was not pertinent to the issues of that action, and further held that although the two defendants had litigated between themselves the merits of their respective contentions as to liability for the accident, the adjudication of such an action between such defendants was not determinative of the ultimate contributions to payment of a judgment if obtained by the plaintiff against both defendants in that action; that is, although the two defendants having litigated their own alleged causes of action as against each other, and having secured a determination holding one of such defendants solely responsible for the accident, in a litigation brought by the plaintiff against both defendants an entirely different result as to liability can be reached.

In view of the holding in the case of Neenan v. Woodside Astoria Transportation Co., Inc. (supra), either defendant herein, if both defendants were held liable to the plaintiff, could secure contribution from the other for the judgment satisfied as to the plaintiff, although one has already secured a judgment against the other defendant which absolves the then successful defendant from liability.

With this determination of the Court of Appeals in mind and in view of the fact that section 211-a of the Civil Practice Act becomes effective only when judgment is obtained against both defendants,

the rights of the defendant Gill herein might be seriously jeopardized before a jury on introduction of proof of the judgment in the City Court of Buffalo. In view of such possible jeopardy, the moving defendant herein may have an order granting his motion. However, if judgment is obtained against both defendants by the plaintiff herein and should the defendant Gill seek contribution from the defendant Allison, the defendant Allison would be entitled, by counterclaim or set-off, to assert his judgment in the City Court of Buffalo against the defendant Gill.

The motion is granted without prejudice, if and when the question of contribution arises in this action, to the defendant Allison asserting such counterclaim or set-off either by motion in this action after judgment herein, or by a new action to establish such counterclaim or set-off.