J. Robert Lynch, J.
The plaintiff’s decedent met her death as a result of a two-car accident in which there was also involved a fellow passenger named Kellner. Kellner sued the representatives of the deceased owner-operators of the two cars in negligence and recovered against both of them. The plaintiff herein, having sued the same defendants, moves now for summary judgment asserting that there are no issues of fact save the question of damages, citing the recent decision B. R. DeWitt, Inc. v. Hall (19 N Y 2d 141).
Summary judgment to the extent sought must be denied because, as the defendants point out, the contributory negligence of the plaintiff’s decedent, raised as an issue here, was not litigated in the Kellner action. However the issue of the negligence of each defendant and whether or not such negligence was a proximate cause of the accident was directly litigated in the Kellner suit and resolved against both defendants. The logic and reasoning in Be Witt compel our conclusion that a party is bound by a determination on an issue in which he has had his full day in court even though it be asserted by one not a party to the determinative action.
Although summary judgment must be denied, the plaintiff is entitled to an order that the negligence of each defendant, and that it was a proximate cause of the accident herein, is incontrovertible and that the issues of fact for the trial must be limited to the contributory negligence of the plaintiff’s decedent and damages. (CPLR 3212, subd. Eg].)