Leonard T. Supple, J.
Plaintiff moves for summary judgment in a negligence action. At the time of the accident she was riding as a passenger in the front seat of an automobile owned and being operated by the defendant. One Robert Williams, who was riding as a passenger in the rear seat of the automobile at the time of the accident, has already recovered for his injuries upon a jury verdict in an independent action he brought against the same defendant. Upon the instant motion the plaintiff says that the judgment in the Williams case is res judicata as to the defendant’s negligence in this case.
If Williams had lost his lawsuit, the doctrine of res judicata would not be applied to bar the plaintiff’s action against the defendant, because neither she nor her “ privy ” were parties to the Williams litigation. (Neenan v. Woodside Astoria Transp. Co., 261 N. Y. 159; Brooks v. Horning, 27 A D 2d 874, 875.) Since the plaintiff would not be barred if Williams had lost his suit, the rule of mutuality of estoppel, if applicable, would prevent the plaintiff from using Williams’ success to advance her cause (Elder v. New York & Pa. Motor Express, 284 N. Y. 350; Berner v. British Commomvealth Pacific Airlines, 346 F. 2d 532, 540, cert. den. 382 U. S. 983). Plaintiff points out that our highest court in B. R. De Witt, Inc. v. Hall (19 N Y 2d 141,147) has said that 11 the ‘ doctrine of mutuality ’ is a dead letter. ’ ’ She says that the removal of the roadblock of lack of mutuality of estoppel mandates a finding that defendant breached his duty to her to use due care.
Upon facts substantially the same as here, and upon a similar motion, the court granted partial summary judgment so as to find that the defendant was negligent and that such negligence was a proximate cause of the accident, while reserving for the trial the issues of contributory negligence and damages (Quick v. O’Connell, 53 Misc 2d 1091). The holding was criticized in The Quarterly Survey of New York Practice (42 St. Johns L. Rev. 438, 463). On the other hand, the decision would not frighten the authors of a standard practice text. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.40, p. 50-130, n. 258.)
However, the language of the court in B. R. De Witt, Inc. v. Hall (supra, p. 148) referred to in the aforesaid criticism, deserves repetition here: “In this case, where the issues, as framed by the pleadings, were no broader and no different than those raised in the first lawsuit; where the defendant here offers no reason for not holding him to the determination in the first *802 action; whore it is unquestioned (and probably unquestionable) that the first action was defended with full vigor and opportunity to be heard; and where the plaintiff in the present action, the owner of the vehicle, derives his right to recovery from the plaintiff in the first action, the operator of said vehicle, although they do not technically stand in the relationship of privity, there is no reason either in policy or precedent to hold that the judgment in the Farnum case is not conclusive in the present action (see Currie, Mutuality of Collateral Estoppel, 9 Stan. L. Rev. 281; Currie, Civil Procedure: The Tempest Brews, 53 Calif. L. Rev. 25; Thornton, Further Comment on Collateral Estoppel, 28 Brooklyn L. Rev. 250). ”
Of crucial importance is that plaintiff here does not derive her right to recover from Williams, which circumstance distinguishes this ease from the holding in Be Witt. In considering whether or not this court should apply the Be Witt theory to this motion the language of the Presiding Justice of the Appellate Division, Third Department, in his concurring opinion in Brooks v. Horning (27 A D 2d 874, 876-877, supra) is helpful: £ £ qi]le ru2e 0f stare decisis was never more essential to consistent and orderly procedure than in this situation of a legal principle which may or may not be in process of redefinition by our highest court and which should not, meanwhile, be subject unnecessarily to fluctuating refinements imposed from month to month by one intermediate appellate court or to disparate treatment by four intermediate appellate courts. (See Grande v. Torello, 12 A D 2d 937; Friedman v. Salvati, 11 A D 2d 104,106.) Until the Court of Appeals shall speak the Trial Judges and the trial bar alike are entitled at least to this measure of consistency under the existing rules.” The motion will be denied.