Arthur Wachtel, J.
By this motion plaintiffs, passengers in a vehicle owned and operated by defendant Caruso, seek summary judgment in this action for personal injuries against defendant Paradise Service Corp., the owner of a taxicab which was involved in collision with Caruso’s vehicle. Plaintiffs seek to make “ offensive ” use of a prior judgment obtained by Caruso in an action brought in this court against said Paradise Service Corp.
Plaintiffs rely on B. R. De Witt, Inc. v. Hall (19 N Y 2d 141) wherein “ offensive ” use was permitted of a prior judgment upon a jury verdict for $5,000 for personal injuries in favor of Farnum the driver of a truck, against Hall, the owner of the other vehicle involved in the accident. In the second action the owner of the truck sued Hall for property damage.
In Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14) the Court of Appeals permitted the owner to use as a defense, in a property damage action, a prior judgment obtained by her driver in the driver’s action for personal injuries. Prior thereto, in Haverhill v. International Ry. Co. (217 App. Div. 521, affd. 244 N. Y. 582), the Court of Appeals had refused to permit the “offensive” use by the owner in his property damage suit of a prior judgment for personal injuries obtained by his driver. Haverhill was cited by the respondents in Good Health but was not cited by the court in its opinion. However, Haverhill’s fact pattern was presented again in De Witt. Not only had the Court of Appeals in Haverhill refused to permit “ offensive ” use by the owner of his driver’s personal injury judgment, but also in Elder v. New York & Pa. Motor Express (284 N. Y. 350), the court had refused to permit affirmative use by the driver of a prior judgment in favor of his owner. The rule of mutuality had been a factor in both cases. Upon the basis of the fact pattern, Haverhill was precedent; Elder was not. De Witt decided that “ offensive ” use could be made by the owner of his driver’s personal injury judgment. In so *109 doing, the Court of Appeals ruled that mutuality of estoppel no longer applied. The court overruled Haverhill, and the dicta in Elder. But the court was not required to, nor did it specifically overrule the holding of Elder upon Elder’s fact pattern. The majority opinion carefully limited its holding, stating as follows (p. 148):
‘In this case, where the issues, as framed by the pleadings, were no broader and no different than those raised in the first lawsuit; where the defendant here offers no reason for not holding him to the determination in the first action; where it is unquestioned (and probably unquestionable) that the first action was defended with full vigor and opportunity to be heard; and where the plaintiff in the present action, the owner of the vehicle, derives his right to recovery from the plaintiff in the first action, the operator of said vehicle, although they do not technically stand in the relationship of privity, there is no reason either in policy or precedent to hold that the judgment in the Farnum case is not conclusive in the present action (see Currie, Mutuality of Collateral Estoppel, 9 Stan. L. Rev. 281; Currie, Civil Procedure; The Tempest Brews, 53 Calif. L. Rev. 25; Thornton, Further Comment on Collateral Estoppel, 28 Brooklyn L. Rev. 250).”
The case at bar is distinguishable. Here the passengers are seeking “ offensive ” use of their owner-driver’s judgment. They do not “ derive ” their right to recovery from Caruso, in the sense that the owner in De Witt “ derived ” his right to recovery from his driver (cf. Neenan v. Woodside Astoria Transp. Co. 261 N. Y. 159).
In Neenan v. Woodside Astoria Transp. Co. (supra) the Court of Appeals held that a prior judgment in an action by Huppmann, an automobile owner, against a bus company could not be used as a defense by the successful owner, in a subsequent action by a passenger of the bus against both the automobile owner and the bus company. The court said (pp. 161-162): ‘1 Huppmann sought to introduce the judgment roll in his action against the transportation company, but of course it was not res judicata as to the passenger, Mary Neenan, as she was not a party to that action. She was free to prove that Huppmann was also negligent * * *. A plaintiff may hold all joint tort feasors ”.
Neenan would seem inconsistent with Good Health (supra). However, the Court of Appeals, in Good Health distinguished Neenan upon the ground that “ Not only was there no privity between the bus company and its passenger, but the liability of neither was derived from the other, and the first trial afforded *110 no opportunity to litigate the relative rights and liabilities as between the passenger and the owner of the automobile ” (p. 19).
In a similar fact pattern, the Appellate Division of this Department refused collateral estoppel in Quatroche v. Consolidated Edison Co. (11 A D 2d 665 [1960]), upon the authority of Elder, prior to De Witt.
Until Elder (supra) is specifically overruled by the Court of Appeals, upon the same facts, this court cannot hold otherwise. The Appellate Division of this Department has so held in connection with the fact pattern in Glaser v. Huette (232 App. Div. 119, affd. mem. 256 N. Y. 686) and Friedman v. Salvati (11 A D 2d 104, 106), and so also have other Departments. (See MacGilfrey v. Hotaling 26 A D 2d 977 [3d Dept.]; concurring opinion of Presiding Justice of Appellate Division, Third Department, in Brooks v. Horning, 27 A D 2d 874, 876-877; Grande v. Torello, 12 A D 2d 937 [2d Dept.] Bartolone v. Niagara Car & Truck Rentals, 29 A D 2d 869 [2d Dept.] and see, also, D’Addato v. Basin Taxi, 56 Misc 2d [Civ. Ct. of City of N. Y., Bronx County Spec. Term I, Callahan, J.].) Indeed the Court of Appeals in De Witt significantly observed in a footnote (p. 147) with reference to Glaser and Minkoff v. Brenner (13 A D 2d 838, affd. 10 N Y 2d 1030), “ whether Glaser and Minkoff should be followed is not before us ’ ’. By the same token until the fact pattern of Elder is before the Court of Appeals and is reviewed, this court cannot assert that Elder is overruled. (See, also, Cobbs v. Thomas, 55 Misc 2d 800.)
Judge Breitel in his dissent in De Witt (in which Van Voorhis, J., and Bergan, J., concurred) warned of the practical disadvantages in a too facile extension of the doctrine, pointing out the necessity of examining whether defendant had in fact his day in court in a forum not of his own choosing, particularly in view of the difference in litigation risk in motor vehicle accident cases involving claims for personal injury and property damages. And quite relevant to the fact pattern in the case at bar, he termed “ more grievous ” the situation “ where the prior judgment may have been for the relatively small amount of property damage incurred, and it is sought to give that judgment binding effect in a personal injury action involving claims for huge sums ” (p. 149).
Similar considerations were raised by the Supreme Court of the United States in Cromwell v. County of Sac. (94 U. S. 351, 356). (See, also, Restatement, Judgments, § 68, pp. 300, 301; § 93, comment b; Thirteenth Annual Report of N. Y. Judicial Conference, 1968, pp. 125, 126; 5 Weinstein-Korn-Miller, N. Y. *111 Civ. Prac., par. 5011. 27; and cf. James v. Saul, decided by this court in 17 Misc 2d 371, unanimously affd. by App. Term, 1st Dept., 57 Misc 2d 107.)
The abrogation of the rule of mutuality and the relaxation of the requirement of privity have nevertheless left the test of due process unimpaired. Whether the issues have been actually litigated and determined remains a paramount test in the application of collateral estoppel. This is recognized by both the majority and minority in De Witt (supra). In the case at bar, defendant argues that the issues as between plaintiffs and defendant and as between the defendants themselves were not fully litigated, that plaintiffs are fellow employees of defendant Caruso, and the issue as to their contributory negligence has not been litigated.
Whether the issues as between the defendants have been fully litigated depends upon an examination of the complete record in the first case. No determination can be made upon the meager record which was presented upon this motion, consisting only of a copy of the prior judgment. Although the moving affidavit of plaintiffs’ attorney states that Caruso sustained property damage, the oral indorsement constituting his complaint alleges causes of action for personal injuries for $9,400 and property damage for $600. Judgment was granted for $500. The transcript of the testimony and the minutes are not before the court, and there is no showing as to what issues were tried, and to what extent, whether the cause of action for personal injuries was tried as well as the cause of action for property damage, or for what cause of action the judgment was granted. Similarly, upon failure of proof of “identity of issues ” Judge Halpern concurred in denial of the motion for summary judgment in Ordway v. White (14 A D 2d 498, 502 [4th Dept.]). The Appellate Division of this Department has ruled that it is incumbent on the party seeking to take advantage of the doctrine 6 ‘ to establish the proceedings in the prior litigation and the determination relied on. (Marine Tr. Corp. v. Switzerland Gen. Ins. Co. of Zurich, 263 N. Y. 139, 147; City Bank Farmers Trust Co. v. Macfadden, 13 A D 2d 395, 400 supra.) ” (Friedman v. Park Lane Motors, 18 A D 2d 262, 266.) (See, also, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.26, pp. 50-94-50-95.)
The logical result of plaintiffs’ contention would be to permit offensive use of a prior judgment against both drivers in favor of one passenger by other passengers of the same vehicle. Indeed, plaintiffs cite Quick v. O’Connell (53 Misc 2d 1091 [Sup. Ct., Jefferson County]), which held that in such a situation, *112 De Witt (supra) concluded the issue of negligence of defendants, and denied summary judgment only as to the issues of contributory negligence and damages. This would open up the whole gamut of the hypothetical train wreck situations to which Professor 'Currie referred, where a hundred passengers are injured, the first fifty are unsuccessful, and the fifty-first (possibly an infant) recovers. (Currie, Mutuality of Collateral Estoppel; Limits of Bernhard Doctrine, 9 Stan. L. Rev. 281 [1957]; and see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.40, pp. 50-130-50-131.) The court in Quick v. O’Connell did pot consider the question as to wfiether plaintiff’s decedent “ derived ” her right from the plaintiff in the first action — one of the requirements of De Witt. Nor, indeed, could such a derivative right be spelled out. (See criticism of Quick v. O’Connell in The Quarterly Survey of New York Practice, 42 St. Johns L. Rev. 438, 463, 464; Cobbs v. Thomas, 55 Misc 2d 800, 801, supra; cf. Woodson v. U. S. Trucking Co. N. Y. L. J., April 30, 1968, p. 18, col. 1 [Civ. Ct. of City of N. Y., Blangiardo, J.]), where defensive use of collateral estoppel.was refused.) Nor does Minkoff v. Brenner (10 N Y 2d 1030) aid plaintiffs, for it in effect held that Israel v. Wood-Dolson Co., (1 N Y 2d 116) did not overrule Glaser v. Huette (supra). Finally, their reliance upon Cummings v. Dresher (18 N Y 2d 105) is misplaced, for there a review of the prior federal court trial and the minutes of the verdict convinced the court that plaintiff driver had been unmistakably found at fault in the prior action where she had been sued as a defendant. This again is not the case at bar. Accordingly, the motion is denied.