Feiger v Ray Enters., LLC (2021 NY Slip Op 03525)





Feiger v Ray Enters., LLC


2021 NY Slip Op 03525


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 651384/13 Appeal No. 13997-13997A Case No. 2020-00917 2020-02943 

[*1]Saul Feiger, as Attorney, Plaintiff,
v
Ray Enterprises, LLC et al., Defendants-Respondents, Richard Ferguson et al., Defendants-Appellants, Maximus Col, LLC et al., Defendants. 


Robert G. Leino, New York, for appellants.
Lyons McGovern LLP, White Plains (Lisa Fantino of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about August 28, 2019, which granted defendants-respondents Vladimir Shneyder (Shneyder) and Ray Enterprises, LLC's (Ray Enterprises) motion to quash defendants-appellants Richard Ferguson (Ferguson) and RJ Group, LLC's (RJ Group) nonparty subpoenas, unanimously reversed, on the law, with costs, and the matter remanded for further discovery. Order, same court and Justice, entered on or about May 12, 2020, which granted Ray Enterprises/Shneyder's motion for summary judgment dismissing RJ Group/Ferguson's first through sixth cross claims, and for an order directing a division and distribution of the escrow funds held by interpleader Saul Feiger, unanimously reversed, on the law, with costs, and the motion denied.
Ray Enterprises/Shneyder's motion to quash the nonparty subpoenas served by RJ Group/Ferguson to obtain information related to their cross claims arising from a dispute concerning Maximus Hill LLC (CPLR 3101[a][4]) should have been denied. Although the subpoenaed information was unrelated to the interpleader action, in New York, cross claims "may be asserted between defendants for any cause of action at all, whether or not related to the plaintiff's main claim" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:11; CPLR 3019[b]). As the requested information is relevant to the pending cross claims, they could be properly subpoenaed. Thus, we remand the matter for discovery to the extent the requested information is "material and necessary" to the cross claims (CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). In view of the incomplete discovery, we reverse the May 2020 order to the extent of reinstating the cross claims.
RJ Group/Ferguson assert cross claims against Ray Enterprises/Shneyder based on their alleged misconduct in the operation and dissipation of Maximus Hill LLC, jointly owned by them. The application of the judgment set off and distribution of the escrow funds was premature as the cross claims had not yet been adjudicated (see Neenan v Woodside Astoria Transp. Co., 261 NY 159, 163-164 [1933]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021