■   In the Matter of the Arbitration between WILLARD ALEXANDER, INC., Respondent, and DON GLASSER, Appellant.— Judgment entered April 9, 1971 which confirmed an arbitration award, herein appealed from, affirmed, with $50 costs and disbursements to petitioner-respondent (petitioner). Petitioner, a booking agent, sought to recover the sum of $3,000 from respondent, an orchestra leader, for commissions allegedly due as a result of certain bookings arranged by petitioner. When respondent rejected the claim, petitioner demanded arbitration in accordance with article 9 of the constitution and by-laws of the American Federation of Musicians of the United States and Canada (AFM). Respondent refused to participate and on or about May 15, 1970, the International Executive Board of AFM rendered its award in the sum of $3,000 in favor of petitioner. It is from the confirmation of such award and the judgment entered thereon that this appeal is taken. Respondent-appellant (appellant) urges (1) that he never agreed to arbitrate and, indeed, refused to participate in the arbitration, and the award should be vacated; (2) Special Term erred in concluding that appellant had agreed in advance to arbitrate, and that the court was not bound by section 101(a)(4) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA); (3) appellant's Federal court action operated, in effect, to exclude jurisdiction in the court below. It should be noted that petitioner is not a party to the action pending in the Federal District Court. The contracts appearing in the record were signed by appellant, listed petitioner as the booking agent, and were approved by the AFM. Such contracts expressly incorporated by reference the "By-laws, Rules and Regulations of the Federation." Article 9 of the constitution and by-laws of AFM entitled "Claims and Arbitrations" recognizes the right of any member to sue for salary, etc. It also provides that every claim, dispute, controversy or difference (herein called grievance) involving or relating to booking agents "shall be adjudicated and determined only by the International Executive Board" of the Federation. It is also provided that the courts of the State of New York have jurisdiction "in reference to any matter arising out of any adjudication held pursuant hereto, including but not limited to the confirmation of the award" (emphasis sup-

plied). Petitioner is a booking agent licensed by AFM and a signatory to a booking agent agreement with the AFM for the benefit of members of the AFM. Article 9 expressly provides that the "adjudication of grievances before the Board of this Section 6 shall be the sole and exclusive remedy for breach of contract by employees * * * employers * * * and booking agents." When petitioner became a signatory to the booking agreement with AFM it was bound by this provision and was obligated, as it did, to settle its grievance by arbitration. There exists a mutuality of obligation to arbitrate. Article 9 also provides when the board has rendered an award, whether upon default or otherwise, that any party may, within 90 days, request a reopening of the proceeding. Appellant took no steps to request a reopening of the initial award, nor did appellant make application within 90 days to modify or vacate the award on any grounds within the time specified in CPLR 7511. The contracts executed by appellant incorporated the by-laws and regulations of AFM, including the provision for arbitration. Appellant, as a member, was bound by this provision. Petitioner, as a signatory to a booking agreement with AFM was similarly bound. (*Cf. Merrill Lynch, Pierce, Fenner & Smith* v. *Griesenbeck,* 21 N Y 2d 688; *Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82; *King Records* v. *Brown,* 21 A D 2d 593.) Appellant's argument with reference to notice and the application of LMRDA are without merit. The award was properly confirmed, and the judgment is affirmed with costs and disbursements. Concur — Stevens, P. J., Markewich and Murphy, JJ.; McGivern, J., dissents in the following memorandum: Special Term has based its disposition solely on the membership of Glasser in Local 802 of the American Federation of Musicians. According to the cases, this is not sufficient. There is here present no agreement between the principals, i.e., Alexander and Glasser, containing an obligation running from one to the other. If Willard Alexander, Inc., did not choose to arbitrate, it was free to refuse. An agreement to arbitrate, like a marriage, requires two parties. "Arbitration is a contractual relationship". (*Matter of Levin-Townsend Computer Corp.* [*Holland*], 29 A D 2d 925.) Otherwise, the alleged agreement is not mutually binding or enforceable. This we have said recently. (*Hull Dye & Paint Works* v. *Riegel Textile Corp.,* 37 A D 2d 946; *Matter of Kaye Knitting Mills* [*Prime Yarn Co.*], 37 A D 2d 951.) And not to be overlooked are additional fatal deficiencies: (1) There was neither notice of intention to arbitrate, nor service of the same, as mandated by CPLR 7503 (subd. [c]); and (2) section 101(a)(4) of the Labor Management Reporting and Disclosure Act of 1959 prohibits a union from barring access to a court, and fixes a four-month limit upon union-required use of intra-union remedies, prior to recourse to the courts. In the instant case, Glasser's Federal court action was instituted in June, 1970. The union's motion to confirm was instituted in December, 1970. Absent any agreement to arbitrate or conduct evidencing an embracement or adoption of such an agreement, as might be evidenced by participation in an arbitral proceeding, here specifically rejected, appellant's seasonable challenge to the arbital proceeding and its claimed award must be sustained. (See *Matter of Kramer & Uchitelle,* 288 N. Y. 467, mot. for rearg. den. 289 N. Y. 649; *Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714, affd. 309 N. Y. 709.) Thus, I would reverse the judgment below, with costs, vacate the "award", and permit the respondent Glasser to pursue his chosen course in the Federal court.