**Don GLASSER, Plaintiff,**

v.

**AMERICAN FEDERATION OF MUSI-CIANS OF the UNITED STATES AND CANADA, and Willard Alexander, Inc., Defendants.**

**No. 70 Civ. 2347.**

United States District Court,
S. D. New York.

Jan. 31, 1973.

Godfrey P. Schmidt, New York City, for plaintiff.

Edward J. Daus, Kostelanetz & Ritholz, New York City, for defendants.

## OPINION

GRIESA, Distict Judge.

The plaintiff in this action, Don Glasser, is an orchestra leader and a member of defendant American Federation of Musicians ("AFM"). The dispute in this action, and in related arbitration and New York state court proceedings, is about whether plaintiff is obligated to pay a $3,000 commission for an orchestra engagement to a booking agent, Willard Alexander, Inc. The complaint in this action seeks to vacate, and to prevent enforcement of, an arbitration award made by AFM's International Executive Board directing plaintiff to pay Alexander the $3,000. Federal jurisdiction is invoked under Sections 101 and 102 of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U. S.C. §§ 411 and 412.

Plaintiff moves for a preliminary injunction against the enforcement of the arbitration award. Plaintiff also moves for leave to serve an amended complaint. While the original complaint was directed solely to AFM, the proposed amended complaint would add Alexander as a defendant and would assert against Alexander a claim for damages for allegedly bringing about an unlawful arbitration proceeding.

The motion is denied in all respects. The arbitration proceeding and award have been held to be valid by the New York Court of Appeals. In Matter of Arbitration Between Willard Alexander, Inc., Respondent, and Member Don Glasser, Appellant, 31 N.Y.2d 270, 338 N.Y. S.2d 609, 290 N.E.2d 813 (1972). That decision is res judicata on all essential points, including the issue of violation of federal labor law raised in this action. Even in the absence of res judicata, it is clear that there are no valid claims under the provisions of the LMRDA relied upon by plaintiff.

In addition to denying plaintiff's motion I am directing that the action be dismissed. The same reasons which dictate denial of plaintiff's motion also disposed of this case in its entirety.

The controversy arises out of two engagements for plaintiff and his orchestra to perform at Roseland Dance City in New York. The contracts for these engagements were signed July 1, 1968 by plaintiff and a representative of Roseland. On each contract plaintiff listed Willard Alexander, Inc. as booking agent. Alexander is a booking agent li-

censed by AFM to do business with that organization's members.

The first engagement at Roseland was performed in June and July 1969 and the second engagement was performed in December 1969 and January 1970. At the time of the first engagement Alexander requested that plaintiff pay a $3,000 commission. Plaintiff refused, claiming that Alexander did not in fact act as a booking agent on these engagements.

Section 6 of Article 9 of AFM's by laws provides that every contract relating to booking services for members shall be deemed to include a provision that disputes about the contract between a member and a booking agent shall be arbitrated by the International Executive Board of the AFM. Section 6 further provides that the courts of the State of New York, or of any state in which a party to an arbitration resides, shall have jurisdiction in reference to any matter arising out of the arbitration.

On December 30, 1969 Alexander instituted an arbitration proceeding before the International Executive Board of AFM seeking recovery of the $3,000 claimed from plaintiff. On January 26, 1970 an AFM official sent a letter notifying plaintiff of the proceeding. At this time plaintiff was on the road with his orchestra, and did not receive the letter until February 26, 1970. On the latter date plaintiff's attorney wrote AFM stating the view that the matter was something for the courts to adjudicate. Neither plaintiff nor his attorney participated in the arbitration proceeding. On May 15, 1970 the International Executive Board of AFM handed down its award, holding that Alexander was entitled to recover $3,000 from plaintiff. A copy of this award was sent promptly to plaintiff's attorney.

On June 2, 1970 plaintiff commenced his action in this Court.

On December 15, 1970 Alexander moved in Supreme Court, New York County, to confirm the arbitration award. This motion was made under C. P.L.R. § 7510, which permits an application to confirm an arbitration award to be made within a year.

Plaintiff appeared in the New York court proceeding and opposed confirmation of the award. The motion to confirm was granted in Special Term. Plaintiff appealed, and a divided Appellate Division affirmed on December 21, 1971. 38 A.D.2d 546, 327 N.Y.S.2d 282. The Court of Appeals unanimously affirmed on November 1, 1972, with Chief Judge Fuld writing the opinion. In re Willard Alexander, Inc., 31 N.Y.2d 270, 338 N.Y.S.2d 609, 290 N.E.2d 813.

In the state court proceedings, plaintiff argued (1) that there was no binding agreement to arbitrate the dispute in question, and (2) that Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4), would be violated by enforcement of the requirement in the AFM by laws to submit the dispute to arbitration. The latter statute is concerned with ensuring that labor organizations will not prevent their members from having appropriate access to the courts. The New York Court of Appeals rejected each of plaintiff's arguments, holding that there was a valid and binding arbitration agreement between plaintiff and Alexander, and that Congress did not intend in the LMRDA to prohibit the type of arbitration which was conducted by the AFM between plaintiff and Alexander.

██ The New York Court of Appeals decision is res judicata as to the claims asserted in this action by plaintiff against both AFM and the proposed additional defendant, Alexander. The fact that the proceeding in the New York courts was commenced after commencement of action in this Court does not prevent giving res judicata effect to the final decision which has now been reached by the New York Court of Appeals. Chicago, R. I. & P. Ry. v. Schendel, 270 U.S. 611, 615, 46 S.Ct. 420, 70 L.Ed. 757 (1926); Restatement of Judgments § 43 (1942). The fact that one of the parties here—AFM—may not, strict-

ly speaking, have been a party to the New York judicial proceedings is also no reason for holding res judicata inapplicable. Plaintiff had a full and fair opportunity to try in the state court proceedings the very claims made in this Court; and such claims were in fact tried in the state courts. Under these circumstances, even if AFM is considered to be a non-party in the state court proceedings nevertheless AFM may assert the doctrine of res judicata. Zdanok v. Glidden, 327 F.2d 944 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); Elder v. New York & Pennsylvania Motor Express, Inc., 284 N.Y. 350, 31 N.E.2d 188 (1940); Good Health Dairy Products v. Emery, 275 N.Y. 14, 9 N.E.2d 758 (1937). See also Blonder-Tongue Laboratories, Inc., v. The University of Illinois Foundation, 402 U.S. 313, 328, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

■ Res judicata applies, of course, to questions of law as well as to questions of fact, and bars a contention in the second litigation that the ruling of law in the first was erroneous. Smith v. Alleghany Corp., 394 F.2d 381 (2d Cir.), cert. denied, 393 U.S. 939, 89 S.Ct. 300, 21 L.Ed.2d 276 (1968); 1B Moore, Federal Practice, p. 635.

For the above reasons, I conclude that the decision of the New York Court of Appeals in Matter of Arbitration Between Willard Alexander, Inc., and Don Glasser operates as res judicata to bar plaintiff's claims in this action. Strictly speaking, it is unnecessary to go further or to give additional consideration to the merits of such claims. However, plaintiff has raised in this action, as he did in the state courts, a significant point of statutory construction with respect to Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4). This section provides in pertinent part:

"(4) *Protection of the right to sue.* —No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: . . . "

Plaintiff claims that AFM's requirement of arbitration with respect to his dispute with Alexander is invalid under Section 101(a)(4), as a limitation on plaintiff's right to sue. Chief Judge Fuld, speaking for the New York Court of Appeals, rejected this argument, stating:

"It is enough to say that his reliance on section 101 [a] [4] of the Labor-Management Reporting and Disclosure Act (29 U.S.Code 411 [a] [4]) as a ground for setting aside the award indicates a misreading of the statute and its purpose. That provision, as the House Committee Report accompanying the Act makes clear (H.R.Rep., No. 741, 86th Cong., 1st Sess. 30 [1959]), was merely designed to protect the right of a union member to proceed in court *against the union or its officers.* Manifestly, the arbitration rules here in question in no way limit that right." (emphasis added)

■ Although I believe that the Court of Appeals was correct in holding that plaintiff has no valid cause of action under Section 101(a)(4), I submit that this result should be arrived at by a somewhat different path. I believe that Section 101(a)(4) is *not* limited to suits by a union member against the union or its officers, but is broad enough to cover disputes of the kind which existed between the plaintiff and Alexander. In my view, the statute is applicable. *But* plaintiff's claim is defeated because the

statute expressly contemplates exhaustion of internal union remedies, such as arbitration, prior to resort to the courts.

The problem with the New York Court of Appeals' analysis, quoted above, is that it relies on a House Report which dealt with a bill not enacted into law. This bill was H.R. 8342, 86th Cong., 1st Sess. (1959), U.S.Code Cong. & Admin. News 1959, p. 2318, which provided in pertinent part:

> *"Protection of the Right to Sue.*—Except as provided herein, the right of any aggrieved member of a labor organization to institute any action in any court of the United States or any State, or a proceeding before any administrative agency of the United States or any State, *against such labor organization or any officer thereof* shall not be limited or impaired, . . . ." (emphasis added).[1]

This language, restricting the application of the statutory provision to suits "against such labor organization or any officer thereof" is in sharp contrast to the language of Section 101(a)(4) as enacted, which specifically applies to actions "irrespective of whether or not the labor organization or its officers are named as defendants or respondents."

The language of the right-to-sue provision as passed derives from a bill introduced by Senator McClellan, S. 1137, 86th Cong., 1st Sess. (1959), which was carried over as an amendment into a bill introduced by Senator Kennedy, S. 1555. Basically the same language was incorporated in the Landrum-Griffin bill introduced in the House, H.R. 8400. The House adopted the Landrum-Griffin bill.[2] After deliberation by a Conference Committee of both houses, LMRDA in its final form, was enacted, containing basically the original McClellan language in the right-to-sue provision.

Thus Congress rejected the proposal to have the right-to-sue provision limited to actions against a union or its officers, and adopted the provision which expressly negates any such limitation. Under the statute as enacted, a labor union is prohibited from placing restrictions upon the right of a union member to institute any type of litigation, subject to the qualification that the union member may be required to exhaust reasonable internal hearing procedures not to exceed four months in duration.[3]

■ Even in view of the above history, there is a question meriting consideration as to whether Congress actually intended to cover arbitrations of purely contractual disputes about compensation, such as the one between plaintiff and Alexander.

The main concern of Congress in committee investigations leading up to this

---

1. The texts of H.R. 8342 and other pertinent bills leading up to the LMRDA are found in National Labor Relations Board, Legislative History of the Labor-Management Reporting and Disclosure Act of 1959.

2. The Landrum-Griffin bill was one of the two principal bills introduced in the House, and, as noted above, was initially numbered H.R. 8400. 105 Cong.Rec. 14381 (1959). The other main House bill was the Elliott bill, which was introduced as H.R. 8342. 105 Cong.Rec. 14177. It was the Elliott bill which was the subject of the House report referred to in Chief Judge Fuld's opinion in Matter of Arbitration Between Willard Alexander, Inc., and Don Glasser. H.R. 8342 was amended by the House so that the text of the Landrum-Griffin bill from H.R. 8400 was substituted for the text of the Elliott bill. 105 Cong.Rec. 15859. H.R. 8342 in this form was passed by the House. 105 Cong.Rec. 15882.

3. The Supreme Court has held that the statutory provision that a union member may be required to exhaust reasonable internal hearing procedures is in effect a grant of discretion to courts to "stay their hands for four months, while the aggrieved person seeks relief within the union." N.L.R.B. v. Industrial Union of Marine & Shipbuilding Workers, 391 U.S. 418, 426, 88 S.Ct. 1717, 1723, 20 L.Ed.2d 706 (1968). The Supreme Court further held that under certain circumstances a union member may not be required to exhaust union procedures before resorting to a court. The circumstances dealt with by the Supreme Court were quite different from what is involved in the dispute between Glasser and Alexander.

legislation related to union corruption, mismanagement, breach of trust by union officers, and similar matters. Cox, Internal Affairs of Labor Unions Under the Labor Reform Act of 1959, 58 Mich. L.Rev. 819, 820 (1960). However, the language of the right-to-sue provision is not limited to these subjects. Also, it is reasonably clear that at least Senator McClellan, the drafter of the right-to-sue provision, had in mind that the provision would apply to the broad range of disputes and grievances, including those related to compensation, which arise in the context of labor union affairs. This appears from a statement issued by Senator McClellan in response to certain testimony of George Meany in the House hearings. Mr. Meany complained that a right-to-sue provision would prevent a union from providing, by way of a collective bargaining agreement or internal union rule, that an employee must present his grievances under arbitration or internal grievance procedures rather than in a lawsuit.[4] Senator McClellan issued a statement indicating that his right-to-sue provision was specifically directed to such arbitration and grievance machinery of labor unions, and was intended to prevent such machinery from consuming what he considered an excessive amount of time. For this reason his proposal provided for a time limit upon internal hearing procedures.[5]

Thus I conclude that Section 101(a)(4) is applicable to the booking commission dispute between plaintiff and Alexander, and to the AFM requirement that such dispute be arbitrated. However, in my view, that section specifically sanctions the AFM requirement of arbitration, provided that the arbitration is limited to four months' duration.

The record is not entirely clear as to exactly how long the AFM arbitration proceeding lasted. It appears that Alexander's claim was filed on December 30, 1969. The letter of the AFM to plaintiff notifying him of this claim was sent January 26, 1970. The AFM award was made on May 15, 1970.

■ Assuming that the arbitration proceeding lasted from December 30, 1969 to May 15, 1970, a period of slightly more than four months, still plaintiff has no claim for violation of the four-month rule of Section 101(a)(4). He did nothing to intervene or expedite the arbitration proceeding. He took no step prior to filing his action in this Court on June 2, 1970. By that date the arbitration proceeding had been completed. Moreover, he never initiated any action in the state courts, although he had the right under C.P.L.R. § 7503 to move for a stay of the arbitration on the ground of lack of a valid arbitration agreement, and also to move under C.P.L.R. § 7511 to vacate the arbitration award upon certain specified grounds. The only action in the state courts was the one brought by Alexander to confirm the award.

The plaintiff was in no way prejudiced by the fact that the arbitration proceeding lasted slightly more than four months, and has no valid claim for any violation of the four-month rule.

■■ Plaintiff's basic claim is that under Section 101(a)(4) he is entitled to have his booking commission dispute with Alexander litigated fully in a court of law rather than having it arbitrated, with the role of a court limited to the rather narrow scope traditionally assigned to courts following arbitration proceedings. The answer to this is that in providing for the exhaustion of reasonable internal hearing procedures, Congress necessarily contemplated the application of the well established rules regarding limitations on court review. It is settled that a court does not re-try matters decided in an arbitration. Wilko v. Swan, 346 U.S. 427, 436–437, 74 S. Ct. 182, 98 L.Ed. 168 (1953); Saxis Steamship Co. v. Multifacs International

4. Hearings on Proposed Labor-Management Reform Legislation Before a Joint Subcommittee of the House Committee on Education and Labor. 86th Cong., 1st Sess., 1482–1483 (1959).

5. Id. at 2285.

Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967).

Plaintiff's motion for a preliminary injunction and for leave to file an amended complaint is denied in all respects, and the action is dismissed.