■ ANONYMOUS, Respondent, v ANONYMOUS et al., Defendant, and ANONYMOUS, Appellant.—Order, Supreme Court, New York County, entered on March 23, 1979, unanimously reversed, to the extent appealed from, on the law, and plaintiff's cross motion for summary judgment denied in its entirety, with costs and disbursements. In this action the plaintiff, former husband of defendant-appellant daughter, is seeking to recover damages for fraud from appellant and her parents, the other party defendants. It is alleged that the defendant parents fraudulently induced the plaintiff to marry their daughter by misrepresenting the state of her health and inducing others to do likewise. Plaintiff maintains that the parents and their daughter conspired to deceive him by representing to him that appellant was in good mental health, when in fact she was and had been afflicted with a serious mental illness for many years, requiring hospitalization and intensive medical treatment. Plaintiff argues that he relied on these misrepresentations to his detriment and, if the true facts were made available, he would never have entered into this union. In September, 1976, seven months after the marriage was entered into, the then wife, appellant herein, commenced an action for divorce on the grounds of cruel and inhuman treatment. It was there alleged that the actions of the husband were part of a concerted plan to terminate this marriage after his in-laws discontinued further financial assistance. Apparently, the former husband suffered substantial financial reversals and had outstanding and unpaid judgments, contempt orders and income tax assessments against him. In the light of this, the parents provided certain monetary assistance enabling the former husband to re-establish his medical practice. In the action for divorce the husband interposed an answer denying the allegations in the complaint and also interposed four counterclaims for annulment of the marriage on the grounds of fraud in the inducement. The wife, in her action, sought neither alimony nor counsel fees and indicated that she would permit her husband to obtain a judgment .of divorce, but agreement could not be reached on the financial settlement to be made in the husband's favor. Unsuccessful pretrial conferences followed and when these actions reached trial before Mr. Justice Bentley Kassal, he recommended that the matter be settled. It was his opinion that neither side could present proof to sustain either the complaint or the counterclaims herein. Accordingly, after difficult negotiations, the wife consented to withdraw her action and permit her husband to proceed with his counterclaim for annulment, uncontested. The only condition attached to this arrangement was that all papers in this matter be sealed. When the husband objected to the sealing of the papers, Justice Kassal stated, "I can't think for the life of me—conceivably—what that might be other than vindictiveness. I am certainly at this point sealing the record." Thus, the husband obtained, on default, a decree annulling the marriage, because of the wife's fraud. Sometime thereafter the plaintiff commenced the present action against his former wife and her parents, for damages for fraud, and conspiracy to commit fraud, based upon an annulment of the marriage. Special Term granted plaintiff's cross motion for summary judgment against appellant, individually, on the grounds that the factual questions as to common-law fraud were determined by the prior judgment for annulment, and that "plaintiff is not collaterally estopped". We reverse. In this court appellant argues that summary judgment should never be granted in any action for fraud. We need not reach that precise

question because we now hold Special Term erred in granting summary judgment to the plaintiff based upon the doctrine of collateral estoppel. To invoke the doctrine of collateral estoppel under these circumstances, where the issue of fraud has not been fully and fairly litigated would be unjust. As one commentator has appropriately noted, "Even the pressures resulting from delay in the courts and the desirability of terminating as much litigation as possible without a trial do not justify utilizing the doctrine of collateral estoppel in default-judgment cases" (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.30, pp 50-139). Without question the plaintiff, who was the victor in the first action, gained his success in the prior action when his wife, apparently in despair, defaulted. His attempt to assert offensively this default judgment, in his cross motion for summary judgment, must fail because the wife has never had a full and complete hearing on the issue of fraud. To preclude a hearing at this time would be manifestly unjust. For some time now, New York has applied the full and fair opportunity test in invoking the doctrine of collateral estoppel. Two criteria must be demonstrated before courts will utilize this doctrine. "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71). In determining whether a litigant has had his day in court, the Court of Appeals has established a checklist to assist in this determination. Among those factors that the court has discussed, which are pertinent herein, and found to be persuasive are: vigor of defense in the first action, indication of a compromise verdict, differences in applicable law between the first and second action and forseeability of future litigation (B. R. De Witt, Inc. v Hall, 19 NY2d 141, 148; Schwartz v Public Administrator of County of Bronx, supra, p 72). Applying these factors to the case at bar, it is readily ascertainable that in the first action upon which the plaintiff relies, there was no defense at all, much less a vigorous defense; the decree of annulment was the result of a compromise; the two actions are materially different in several aspects; and there was no expectation of future litigation. Surely, the only conclusion that can be reached is that the issue of fraud has never been fully and fairly litigated. There exists yet one other reason for refusing to grant plaintiff's cross motion for summary judgment. When the successful party in the first action seeks to assertively argue this result in a subsequent action, the burden of proof is apportioned (Schwartz v Public Administrator of County of Bronx, supra, p 73). The movant, plaintiff herein, must demonstrate that the issues in both actions are identical and necessarily decided. Plaintiff has failed on both counts. The defendant has the burden to demonstrate, as she has done herein, that collateral estoppel is not applicable under these circumstances because there was no full and fair opportunity to litigate the prior alleged controlling decision. Since the defendant has not had her day in court, she should not now be estopped from litigating those issues, which have not been previously adjudicated. Concur—Fein, J. P., Sullivan, Ross, Silverman and Lynch, JJ.